[Crim. No. 24655. July 31, 1986.]

THE PEOPLE, Plaintiff and Appellant, v.
JAMES JORDAN, Defendant and Appellant.

## Counsel

John K. Van de Kamp, Attorney General, Eugene W. Kaster, Thomas A. Brady and Matthew P. Boyle, Deputy Attorneys General, for Plaintiff and Appellant.

Frank O. Bell, Jr., State Public Defender, under appointment by the Supreme Court, Suzan E. Hier, Deputy State Public Defender, and Frank Offen, under appointment by the Court of Appeal, for Defendant and Appellant.

## Opinion

BROUSSARD, J.—Defendant James Jordan was convicted of robbery (Pen. Code, § 211)[1] and assault with a deadly weapon (§ 245, subd. (a).) Also charged and found true were separate prison terms for four prior felony convictions under section 667.5. The trial court sentenced defendant to the five-year aggravated term on the robbery, ran the sentence on the assault concurrently and, on defendant's motion, exercised its discretion under section 1170.1, subdivision (h), to strike the four prior prison term enhancements. On appeal, the People argued, as they do again here, that the trial court abused its discretion by not imposing the four 1-year enhancement terms. The Court of Appeal agreed, finding no mitigating circumstances in

---

[1] All statutory references are to the Penal Code.

the record reasonably supportive of the trial court's exercise of discretion, and remanded for an imposition of the enhancement terms.

■ ■ ■ ■ We conclude that the trial court properly exercised its discretion to strike the enhancements pursuant to its authority under section 1170.1, subdivision (h), and stated proper reasons on the record for doing so.[2]

## I.

The relevant facts remained in dispute throughout the trial and on appeal. On August 15, 1983, a police officer saw a man, bleeding profusely from a gash above his left eye, chasing another man across a parking lot in Salinas. A wallet belonging to Meliton Cortez, who had been chasing the defendant, was found in the doorway of a bank located about 15 or 20 feet back from the corner where the officer stopped the defendant. Cortez and Jordan gave the officers widely divergent versions of the events preceding their chase across the parking lot.

Because Cortez could not be located at the time of the trial, the court, after a hearing, determined that his testimony at the preliminary examination could be read to the jury. Cortez testified that he was seated on the bench at a bus stop, when he was suddenly hit on the left side of his head and neck with what he thought was a hammer or bar. He testified that he was unable to see who actually hit him and took his wallet, but that he ran after the person who turned out to be the defendant. Although there was no money in the wallet, it contained his residency papers since he is a documented alien working in this country. He testified that he had taken his wallet out to check his address before proceeding to walk to the place he had been residing for three to four months. Before he could catch up to his assailant,

---

[2]Defendant devoted much of his petition for review to a rather impassioned argument that the People could not properly raise the abuse of discretion issue in their respondent's brief on appeal. He claimed that the People were required to file their own opening brief and thus waived the issue by waiting to raise it in the respondent's brief. He claims that this practice penalizes defendants for appealing and that the imposition of a more severe sentence should be precluded by principles of double jeopardy and due process. Defendant is clearly mistaken. Appeal is authorized from an order reducing the degree of the offense or the punishment imposed (§ 1238, subd. (a)(6)); and this rule appears to apply to prior prison term enhancements struck under section 1170.1, subdivision (h). (*People* v. *Espinoza* (1979) 99 Cal.App.3d 59, 67-68 [159 Cal.Rptr. 894]; see *People* v. *Valenti* (1957) 49 Cal.2d 199, 206-207 [316 P.2d 633]; *People* v. *Burke* (1956) 47 Cal.2d 45, 50-51, 53-54 [301 P.2d 241].) The People properly noticed an appeal, specifying the issue as whether the court abused its statutory discretion in striking the enhancements. The California Rules of Court expressly authorize cross-appeals (see rule 3(c)), and the respondent "need not file a separate brief on the cross-appeal but may include, in a separate section of his reply brief, the points he desires to raise on his cross-appeal." (Rule 14(c).) Rule 30 makes these rules applicable to criminal appeals.

the police stopped them both. The officer who first stopped Cortez verified that the plastic walls which enclosed the bus stop on three sides were spattered with blood.

Defendant testified that he and Cortez had met earlier that evening when Cortez asked him for a ride to a labor camp. Defendant told Cortez that he would drive him home if he would pay for the gas. Cortez said he had no money, so they agreed to go to the Colombo Cafe where Cortez might find some friends who could lend him money. Defendant remained outside while Cortez went in for five minutes. He testified that after Cortez failed to find someone willing to lend him money, they proceeded to the Rodeo Cafe where defendant had a credit arrangement. He signed for two hamburgers and gave one to Cortez because he was hungry and defendant thought he had no money. Later defendant saw Cortez drinking beer. He became angry and asked Cortez for one dollar to pay for the hamburger. They then walked out arguing about who would pay for the hamburger and began to fight outside. Defendant testified that Cortez swung at him first and then pulled out a small hammer and attempted to hit him with it. At this point, defendant testified, he wrested the hammer away from Cortez and hit him on the head. As defendant attempted to walk away from the bleeding Cortez, he testified that Cortez produced a knife and chased him without success until the police intervened.

Both men generally held to their disparate versions of the facts both at the time of their apprehension and in court. However, one officer testified that after receiving his *Miranda* warning, the defendant stated that he had been with Cortez all afternoon and that Cortez had cut his face as a result of falling on the pavement. He also did not initially mention the hammer. A second officer testified that while transporting defendant from the preliminary hearing back to jail, defendant told a fellow prisoner that "the reason he didn't finger me is because he had a weapon. He put up a hell of a fight, but I got his wallet anyway." A waitress at the Rodeo Cafe testified that she served two hamburgers that night to defendant and a young Mexican man. Cortez is middle-aged.

At the sentencing hearing the People sought the upper term on the robbery plus a one-year enhancement for each of the four prior felony prison terms alleged. The court imposed an aggravated sentence based on defendant's lengthy prior criminal record, but declined to impose the penalty on the four prior felony enhancements. The Court of Appeal concluded that the sentencing court abused its discretion under section 1170.1, subdivision (h), by striking the enhancement, and remanded for resentencing consistent with the Court of Appeal's own finding that there were no circumstances properly in mitigation stated on the record.

## II.

As part of the determinate sentencing law, section 667.5, subdivision (b), requires the sentencing court to impose an additional one-year enhancement term for each separate prison term served on any prior felony conviction, subject to a five-year felony-free exception.[3] Although the enhancement of sentences for prior felony prison terms is normally required under section 667.5 (see *People v. Gaines* (1980) 112 Cal.App.3d 508, 515 [169 Cal.Rptr. 381]; *People* v. *Johnson* (1979) 95 Cal.App.3d 352, 355 [157 Cal.Rptr. 150]), the Legislature has granted the sentencing court discretion under section 1170.1, subdivision (h),[4] to strike the additional punishment set out in section 667.5 if the court finds "circumstances in mitigation" and "states on the record its reasons." (*People* v. *Espinoza* (1979) 99 Cal.App.3d 59, 75 [159 Cal.Rptr. 894]; *People* v. *Johnson, supra,* 95 Cal.App.3d 352, 356.)

In evaluating the defendant and the circumstances of his crime for the purpose of sentencing, "the court shall apply the sentencing rules of the Judicial Council." (§ 1170, subd. (a)(2).) Rule 443 of the California Rules of Court provides that "[w]henever the giving of reasons by the sentencing judge is required, the judge shall state in simple language the primary factor or factors that support the exercise of discretion or, when applicable, state that the judge has no discretion. The statement need not be in the language of these rules. It shall be delivered orally on the record."

The People contend that there were no circumstances in mitigation stated on the record that could possibly have justified the sentencing court's exercise of discretion. The Court of Appeal's opinion limited its analysis to a summary conclusion that "we find no ameliorative or mitigating circumstance in the record reasonably supportive of the trial court's discretion in striking the enhancements." However, our reading of the record indicates that the sentencing court did discuss its reasons for striking the enhancements at some length. The sentencing court stated, expressly and by implication, several proper circumstances in mitigation.

---

[3]Section 667.5, subdivision (b) provides in pertinent part that "where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

[4]Section 1170.1, subdivision (h) provides: "Notwithstanding any other provision of law, the court may strike the additional punishment for the enhancements provided in Sections 667.5, 12022, 12022.4, 12022.5, 12022.6, 12022.7, and 12022.9 if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment."

The trial judge prefaced his discussion of the facts by stating that "over the last few days I have probably thought about this case more than any other case. Not because—I mean, mathematically, it's a very simple case. You add up the five and four and sentence him to nine years." He then went on to explain his conclusions concerning the circumstances surrounding the crime. "But I sat through the trial, and I may be wrong, but what I believe happened is that you and the victim were drinking together and you went to the Rodeo and you had a hamburger, and there was a dispute about who should pay for it, and you decided to take his wallet, that he [Cortez] should pay for it. And as it turned out as well he didn't have any money [in the wallet], but it was nevertheless robbery under the law." In short, the judge concluded that this particular robbery and assault was "not an overly serious crime" since it appeared to be the culmination of an argument between Jordan and Cortez over who would pay for a hamburger and "not like somebody [robbing] a Seven-Eleven with a shotgun."

Contrary to the People's characterization of the trial court's reasoning process, the judge then imposed the upper term of five years for the robbery expressly because of the defendant's 40-year record of larcenous activity. "I also see that you've been in prison most of the time, it looks like, during the last 30 years. . . . I'm going to sentence you to five years in state prison because I find the aggravating factors outweigh the mitigating factors. The primary aggravating factor is your previous record. And that alone would justify, does justify, the upper term." The People do not dispute that this was a procedurally proper exercise of discretion under section 1170, subdivisions (b) and (c), and consistent with rules 439, 423 and 421 of the California Rules of Court.

Having imposed the upper term for the robbery, the court then indicated that it understood its duty to exercise discretion under section 1170.1, subdivision (h). "I know I do have discretion. And I have to state the mitigating reasons if I don't add the one-year enhancements on. . . . I'm going to strike the four enhancements. And the reason for that is because, even though that is an aggravating factor in that the series of crimes that you've committed have, for the most part, been minor crimes—petty thefts and small forgery crimes, it appears—and given what happened in this case, I don't believe the Legislature intended you to spend nine years in prison. I just can't believe that. And I think *the facts in this case themselves are the mitigating factors* to allow me to strike the four enhancements." (Italics added.) The judge also noted that "realistically," a nine-year term would keep Jordan in prison "for almost maybe the rest of his life." Defendant was 59 years old at the time of sentencing. The probation report listed defendant's alcoholism as a possibly mitigating circumstance, but it is not clear whether the trial court considered that fact in mitigation or at all.

■ Where, as here, a discretionary power is inherently or by express statute vested in the trial judge, his or her exercise of that wide discretion must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. (See *People* v. *Edwards* (1976) 18 Cal.3d 796, 807 [135 Cal.Rptr. 411, 557 P.2d 995]; *In re Cortez* (1971) 6 Cal.3d 78, 85-86 [98 Cal.Rptr. 307, 490 P.2d 819]; *People* v. *Wade* (1959) 53 Cal.2d 322, 337-339 [1 Cal.Rptr. 683, 348 P.2d 116]; *Adoption of D.S.C.* (1979) 93 Cal.App.3d 14, 24-25 [155 Cal.Rptr. 406]; *Gossman* v. *Gossman* (1942) 52 Cal.App.2d 184, 195 [126 P.2d 178]; *Brown* v. *Newby* (1940) 39 Cal.App.2d 615, 618 [103 P.2d 1018]; see also 9 Witkin, Cal. Procedure (3d ed. 1985) §§ 275-281, pp. 286-293.)

■ It would be difficult to conclude from the sentencing judge's recital that he exercised his discretion in an arbitrary, capricious or unreasonable fashion. The sentencing court explicitly stated several proper mitigating circumstances that the Court of Appeal appears to have completely ignored. First, the trial court found that defendant's prior criminal record consisted primarily of convictions for nonviolent and "minor" larcenies or for being drunk in public. Second, the trial court suggested that a nine-year sentence for a man defendant's age would be unduly harsh, an arguably mitigating circumstance which the People here correctly characterize as deserving little or no weight. Although it apparently did not, the trial court could have found defendant's alcoholism itself to be in mitigation. (See *People* v. *Simpson* (1979) 90 Cal.App.3d 919, 928 [154 Cal.Rptr. 249]; Cal. Rules of Court, rule 423(b)(2).) Finally, and most critically, the trial court explicitly found that "the facts in this case themselves are the mitigating factors [that] allow me to strike the four enhancements."

■ While the circumstances listed in rule 423 are illustrative and not exclusive (rule 408(a), Cal. Rules of Court; *People* v. *Covino* (1980) 100 Cal.App.3d 660, 671 [161 Cal.Rptr. 155]), rule 423 does suggest the type of factors—those generally relevant to the criminal and his crime—which can properly be relied upon. (*People* v. *Johnson, supra,* 95 Cal.App.3d at p. 375.)

The defendant correctly points out that the circumstances in mitigation listed in rule 423 of the California Rules of Court support the presumption that the facts as the trial court found and recited them justified a decision to strike the enhancement terms.[5] This presumption in favor of the sentenc-

---

[5]Rule 423 provides: "Circumstances in mitigation include: (a) Facts relating to the crime, including the fact that: [¶] (1) The defendant was a passive participant or played a minor role in the crime. [¶] (2) The victim was an initiator, willing participant, aggressor or

ing court's discretion is reinforced further by rule 409, which provides that the "[r]elevant criteria enumerated in these rules shall be considered by the sentencing judge, and shall be deemed to have been considered unless the record affirmatively states otherwise." The Court of Appeal thus erred when it reweighed the circumstances in mitigation rather than limiting its review to whether the sentencing court abused its statutory discretion.

The People, perhaps in recognition that the trial judge did indeed state circumstances in mitigation on the record, argue in the alternative that these purportedly mitigating circumstances were in fact aggravating circumstances and that the court must have been "clearly mistaken as to the actual facts of this case." The People infer that the trial judge must have ignored physical evidence and disregarded the victim's testimony at the preliminary hearing (the transcript of which was read to the jury since Cortez could not be located). These errors apparently led the trial court to adopt defendant's "unreasonable" version that he and the victim had been out drinking and that the robbery occurred out of a dispute over payment for a hamburger.

However, the defendant correctly asserts that since the trial court acknowledged that an assault and robbery had taken place, and imposed an aggravated sentence, it clearly accepted the jury's verdict and did not adopt defendant's precise version of the incident. There is also substantial evidence on the record to support the version of the facts recited by the trial court. Because the trial court's version of the facts underlying the offense was neither unreasonable nor without support in the record, the court did not abuse its discretion under section 1170.1, subdivision (h).

The Court of Appeal below and the People here also appear to have labored under a misconception concerning the scope of the sentencing

provoker of the incident. [¶] (3) The crime was committed because of an unusual circumstance, such as great provocation, which is unlikely to recur. [¶] (4) The defendant participated in the crime under circumstances of coercion or duress, or his conduct was partially excusable for some other reason not amounting to a defense. [¶] (5) A defendant with no apparent predisposition to do so was induced by others to participate in the crime. [¶] (6) The defendant exercised caution to avoid harm to persons or damage to property, or the amounts of money or property taken were deliberately small, or no harm was done or threatened against the victim. [¶] (7) The defendant believed he had a claim or right to the property taken, or for other reasons mistakenly believed his conduct was legal. [¶] (8) The defendant was motivated by a desire to provide necessities for his family or himself.

"(b) Facts relating to the defendant, including the fact that: [¶] (1) He has no prior record or an insignificant record of criminal conduct considering the recency and frequency of prior crimes. [¶] (2) The defendant was suffering from a mental or physical condition that significantly reduced his culpability for the crime. [¶] (3) The defendant voluntarily acknowledged wrongdoing prior to arrest or at an early stage of the criminal process. [¶] (4) The defendant is ineligible for probation and but for the ineligibility would have been granted probation. [¶] (5) The defendant made restitution to the victim. [¶] (6) The defendant's prior performance on probation or parole was good."

court's discretion under section 1170.1, subdivision (h). The People argue that defendant's criminal record is so "extreme and serious" that it constitutes an "insurmountable obstacle" to finding circumstances in mitigation weighty enough to justify striking the enhanced penalty pursuant to section 1170.1, subdivision (h). The Court of Appeal's terse opinion stressed that in addition to the four prior separate felony terms within the meaning of section 667.5, subdivision (b) (for forgery, receiving stolen property, burglary and escape), defendant had suffered ten other prior felony convictions between 1945 and 1972.

This emphasis on defendant's criminal record, and the suggestion that it precludes striking the enhanced punishment based on other mitigating circumstances, is inappropriate for two reasons. The principal reason is that the People incorrectly imply that the trial court must mechanically weigh all of the aggravating and mitigating circumstances and refuse to strike the enhancements if the latter outweigh the former. It is true that in the *absence* of legally cognizable circumstances in mitigation the trial court *must* impose the enhanced penalty. (*People* v. *Johnson, supra,* 95 Cal.App.3d at p. 356.) But section 1170.1, subdivision (h) empowers the court to strike the enhanced punishment required by section 667.5 when it determines that there are sufficient circumstances in mitigation and states on the record its reasons for doing so. Rule 443 of the California Rules of Court makes it clear that the trial court, in giving its reasons, "shall state in simple language the primary factor or factors that support the exercise of discretion. . . ." (See also rule 445, Cal. Rules of Court.) This the trial court did.

The second reason is that even when the sentencing court expressly finds that aggravating factors outweigh mitigating circumstances, as the court did here, the imposition of one-year enhancements remains within the sound discretion of the sentencing court in the interests of proportionality and justice. (See § 1170, subd. (a); see, e.g., *People* v. *Williams* (1981) 30 Cal.3d 470, 478-483 [179 Cal.Rptr. 443, 637 P.2d 1029]; *People* v. *Myers* (1983) 148 Cal.App.3d 699 [196 Cal.Rptr. 234].)[6]

---

[6]Defendant contends that even if the court did not state sufficient mitigating circumstances to justify striking the punishment under section 1170.1, subdivision (h), the court had the power to strike the enhancement in the "furtherance of justice" under section 1385. The People respond that because section 1170.1, subdivision (h) is more specific than section 1385, in that it expressly references section 667.5, to permit a concurrent exercise of discretion under section 1385 would be duplicative, illogical and contrary to legislative intent. Moreover, defendant's assertion seems eviscerated by rule 445 of the California Rules of Court, which provides that if the sentencing judge "finds that there are circumstances in mitigation, he may strike the additional term of imprisonment provided as an enhancement . . . [but he] should not strike an allegation that was charged and found under section 667.5, . . ." Since we conclude that the trial court did not abuse its discretion under section 1170.1, subdivision (h), we need not decide whether the trial court could have, alternatively, exercised discretion to strike out the enhancement pursuant to section 1385. In any event, the trial court never purported to exercise discretion under section 1385 and this issue may not be raised for the first time on appeal before this court.

If this were not the case, then a sentencing court could never *both* impose the upper base term *and* justify striking a one-year enhancement pursuant to section 1170.1, subdivision (h). It is clear that the sentencing court has that discretion.[7]

### III.

We hold the trial court properly exercised its discretion to strike the enhancements under section 1170.1, subdivision (h) and stated proper reasons on the record for doing so. We therefore reverse the judgment of the Court of Appeal.

Bird, C. J., Mosk, J., Reynoso, J., Grodin, J., and Panelli, J., concurred.

**LUCAS, J.**—I respectfully dissent. The majority concludes that the trial court properly exercised its discretion in striking four 1-year prison term enhancements pursuant to its authority under Penal Code section 1170.1, subdivision (h).[1] I would conclude that, in light of defendant's extensive prior criminal record, the trial court erred in failing to specify adequate mitigating reasons for striking the enhancements, as required by section 1170.1. Thus, as suggested by the concurring opinion of Justice Newsom in the Court of Appeal herein, the cause should be remanded to the trial court with directions to reconsider its sentence and state more fully its reasons for striking the enhancements.[2] (See *ante,* fn. 7.)

One of the primary purposes underlying the determinate sentencing law, and the main legislative purpose in enhancing sentences based on prior convictions, was to increase the penalties for repeat offenders and thereby hopefully deter recidivism. (See *People* v. *Espinoza* (1979) 99 Cal.App.3d

---

[7]Even if the trial court *did* abuse its discretion, the Court of Appeal should not have remanded with instructions to impose the additional one-year enhancements. On this point we agree with the concurring opinion of Justice Newsom in the Court of Appeal. Justice Newsom correctly suggested that upon concluding that the trial court failed to state adequate reasons on the record for striking the enhancements, the proper disposition on appeal would have been a remand without findings as to mitigating circumstances, thereby giving the trial court an opportunity to reconsider its sentence (see *People* v. *Savala* (1983) 147 Cal.App.3d 63, 69 [195 Cal.Rptr. 193], disapproved on other grounds, *People* v. *Foley* (1985) 170 Cal.App.3d 1039, 1046 [216 Cal.Rptr. 865]), and to articulate its findings more fully. (See *People* v. *Brown* (1985) 169 Cal.App.3d 728, 744 [215 Cal.Rptr. 465]; *People* v. *Benton* (1979) 100 Cal.App.3d 92, 102 [161 Cal.Rptr. 12].)

[1]All further statutory references are to the Penal Code.

[2]The Court of Appeal majority opinion made a specific finding that there were "no ameliorative, or mitigating, circumstances in the record, reasonably supportive of the trial court's discretion in striking the enhancements," and remanded for actual imposition of the enhancement terms. I do not believe the matter is so clear as to require an outright reversal of the trial court's judgment without first providing the trial court with an opportunity to specify more fully its reasons for striking the enhancements.

59, 74 [159 Cal.Rptr. 894].) Section 667.5, subdivision (b), provides in relevant part: "[W]here the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court *shall impose* a one-year term for each prior separate prison term served for any felony; . . ." (Italics added.) In order to mitigate the severity of this *mandatory* enhancement of sentences, the Legislature also granted the sentencing court limited discretion, under section 1170.1, subdivision (h), to strike the additional punishment if the court finds "circumstances in mitigation" and "states on the record its reasons." Absent a proper exercise of the trial court's limited discretion, the duty to impose an enhanced sentence is mandatory. (See *People* v. *Espinoza, supra,* 99 Cal.App.3d at p. 75; *People* v. *Johnson* (1979) 95 Cal.App.3d 352, 356 [157 Cal.Rptr. 150].)

A careful review of this case convinces me that the trial court's stated reasons for striking the enhancements were inadequate in light of defendant's *extensive* past criminal history. I recognize, as does the majority, that the discretionary power vested in the trial judge to strike enhancements ordinarily may not be disturbed on appeal unless an abuse of discretion is shown. (*Ante,* p. 315.) However, I fail to see how the reasons specified by the trial court constitute "circumstances in mitigation" as required by section 1170.1, subdivision (h). Defendant appears to be precisely the type of recidivist that the Legislature had in mind when it set up the enhancement scheme for repeat offenders. (See *In re Kelly* (1983) 33 Cal.3d 267, 272 [188 Cal.Rptr. 447, 655 P.2d 1282].)

In determining whether the circumstances in mitigation are adequate, the defendant's entire criminal history is relevant. Here, defendant's *four prior prison terms for felony convictions,* which would have called for four 1-year enhancements, were for serious crimes: burglary, escape, possession of stolen property and possession of forged instruments. In addition, according to defendant's probation report, he has suffered at least *10 other felony convictions,* as well as several other convictions for minor crimes such as public drunkenness and petty theft. Defendant's criminal history spans three pages of his probation report and dates back to the 1940's! Suffice it to say, defendant is an active, "dedicated" recidivist.

Defendant's probation report (recommending denial of probation) also is instructive in analyzing his present rehabilitative state. The report quotes defendant as conceding that "after 16 failures (prison commitments) it should be obvious that he [defendant] is not capable of finding a job or leading a productive life." The report states that the present criminal offenses were committed only a short time after he was paroled, and that "defendant has no ability to adjust on parole." Defendant is an admitted alcoholic; according

to the probation report he somehow managed to continue his drinking in prison and was generally categorized as "a one man disaster during his short appearances in the community." It is apparent defendant has little rehabilitative motivation or ability.

After examining defendant's background as a basis upon which to measure any mitigating circumstances, I would conclude that the trial court's stated reasons in mitigation for striking the enhancements are completely inadequate. First, the trial court stated that defendant's prior criminal record consisted of a "series of crimes that . . . have, for the most part, been minor crimes—petty theft and small forgery crimes." As previously indicated, although defendant has been convicted of several minor crimes, he has *in addition* been convicted of *14 felonies* including his recent convictions for burglary, escape, possession of stolen property and possession of forged instruments. Thus, the trial court's categorization of defendant's past criminal history as consisting of *primarily* "minor crimes" seems inaccurate.

Second, the trial court suggested that a nine-year sentence (five years for the robbery and four 1-year enhancements) may be unduly harsh for a person of defendant's age. The majority acknowledges that this factor is one "which the People here correctly characterize as deserving little or no weight." (*Ante,* p. 316.) I agree. Indeed, the record fails to indicate that defendant was in ill health, weak or frail. On the contrary, the probation report states defendant was in relatively good health for his age, other than his chronic alcoholism.

Finally, the trial court found that the facts of the present case were themselves mitigating. Although these facts are in dispute, the trial judge apparently accepted defendant's version of the facts, namely, that the robbery and assault with a deadly weapon arose over a dispute as to who should pay for a hamburger. Even so, as the trial court acknowledged, the dispute escalated into "a robbery under the law." Thus, in light of defendant's extensive criminal history and the trial court's own acknowledgment that, regardless of motive, defendant committed a violent felony, the reasons given for striking the mandatory enhancements were inadequate.[3]

A trial court does not possess unbounded discretion to be *lenient.* As the People suggest, defendant's criminal background may constitute an almost insurmountable obstacle to finding adequate circumstances in mitigation of

---

[3]It is interesting that, although the probation officers were also aware of the underlying facts, the only factor listed in mitigation in the probation report was that defendant may have been suffering from a mental or physical condition (chronic alcoholism) that reduced his culpability for the crime. This possible mitigating factor was *not* included among the trial court's reasons for striking the enhancements.

the additional punishment required by section 1170.1. Certainly such an obstacle was not overcome by the trial court's statement of reasons herein. Therefore, I would remand the cause to the trial court for reconsideration of its sentence after stating whatever proper mitigating circumstances are found to exist.