Filed 5/13/13  P. v. Salazar CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D061483 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. SCE308347/ SCE309543) |
| EDGAR M. SALAZAR, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Honorable Peter C. Deddeh, Judge.  Affirmed.


Mazur and Mazur and Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Michael T. Murphy, Deputy Attorneys General, for Plaintiff and Respondent.

Edgar M. Salazar pled guilty to one count of a lewd act upon a child under 14 (Pen. Code,[1] § 288, subd. (a)) and one count of furnishing an alcoholic beverage to a person under the age of 21 (Bus. & Prof. Code, § 25658, subd. (a)). On the same day, Salazar pled guilty in another case to one count of using the personal identifying information of another (§ 530.5, subd. (a)) and one count of perjury in the application for a driver's license (§ 118, subd. (a)).

The court sentenced Salazar to serve the middle term of six years in state prison on the count of a lewd act upon a child under 14 (§ 288, subd. (a)), with 64 days of actual credits plus nine days of conduct credits, for a total of 73 days' credit. On the count of furnishing an alcoholic beverage to a person under the age of 21 (Bus. & Prof. Code, § 25658, subd. (a)), the court sentenced Salazar to serve 180 days concurrently with the six-year sentence.

The court then sentenced Salazar to the middle term of two years on the count of using the personal identifying information of another (§ 530.5, subd. (a)) and the middle term of three years on the count of perjury in the application for a driver's license (§ 118, subd. (a)). Both sentences were to be run concurrently with the sex case and with each other. The court calculated 62 days of actual credits and nine days of conduct credits, for a total of 71 days' credit.

Salazar appeals, contending the court abused its discretion in sentencing Salazar to the middle term of six years in state prison. Salazar also contends, and respondent concedes, the trial court erred in its calculation of actual and conduct credits. We

---

[1] Statutory references are to the Penal Code unless otherwise specified.

conclude the sentencing court did not abuse its discretion in selecting the middle term of six years and we affirm the sentence, but we remand with instructions to the court to recalculate Salazar's actual and conduct credits in accordance with this opinion.

FACTS

Salazar committed two offenses.  In 2009, Salazar applied for a driver's license using a false identity.  In 2010, Salazar went to his next door neighbor's house when the parents of a 13-year-old girl were not home and touched her thigh and fondled her breast. The girl reported the incident to her mother, who called the police.

DISCUSSION

I

*SENTENCING*

Salazar contends the sentencing court abused its discretion in sentencing him to the middle term of six years because it was excessive and did not meet the objectives of sentencing.  We disagree.

The determination of the appropriate term is within the trial court's broad discretion and must be affirmed unless there is a "showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice."  (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)  "Sentencing courts have wide discretion in weighing aggravating and mitigating factors [citation], and may balance them against each other in qualitative as well as quantitative terms." (*People v. Roe* (1983) 148 Cal.App.3d 112, 119.)

3

Salazar argues that the trial court abused its discretion in imposing the six-year term given Salazar's voluntary acknowledgment of his own wrongdoing. However, the court considered Salazar's remorse when it denied probation and selected the middle term of six years. The court need not state reasons for minimizing or disregarding circumstances in mitigation when determining the appropriate term. (*People v. Salazar* (1983) 144 Cal.App.3d 799, 813.)

Further, Salazar agues his sentence does not achieve the objectives of California Rules of Court, rule 4.410(a) that include protecting society, punishing the defendant, deterring the defendant, deterring others, preventing the defendant from committing further crimes by isolating him, securing restitution, and achieving uniformity in sentencing. He claims the six-year sentence was not necessary to protect society, deter others, secure restitution, or achieve uniformity in sentencing. However, "discretion is abused whenever the court exceeds the bounds of reason, all of the circumstances being considered. [Citations.] [I]n the absence of a clear showing that its sentencing decision was arbitrary or irrational" a discretionary determination should not be set aside on review. (*People v. Giminez* (1975) 14 Cal.3d 68, 72.)

Here, in selecting the middle term of six years, the court considered several circumstances in mitigation and aggravation. The court noted on the record there was evidence Salazar planned his perpetration of the sex offense and had taken advantage of a position of trust. Because of Salazar's current crimes and his recidivism, it imposed the middle term for a lewd act upon a child under 14. This was not arbitrary or irrational.

## II

### *CALCULATION OF ACTUAL AND CONDUCT CREDITS*

Salazar contends, and respondent agrees, the trial court erred in its calculation of Salazar's actual and conduct credits based on the probation report which indicated that his date of confinement was March 23, 2011. The record indicates Salazar was actually confined on February 3, 2011. Therefore, Salazar should have been awarded 109 days of actual credit, plus 16 days of conduct credit pursuant to section 2933.1, for a total of 125 days of custody credit in case number CE308347. Additionally, Salazar should have been awarded 65 days of actual credit, plus 9 days of conduct credit, for a total of 74 days of custody credit in case number CE309543.

### DISPOSITION

The sentence is affirmed, and the case is remanded for a recalculation of actual and conduct credit in accordance with this opinion. The superior court is directed to modify the abstract of judgment to reflect the additional credits.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

AARON, J.

5