Filed 12/10/13  P. v. Brown CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. RICKY BROWN, Defendant and Appellant. | F066006 (Super. Ct. No. 11CM8891) **OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  James T. LaPorte, Judge.

Ron Boyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Leanne Le Mon and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Kane, Acting P.J., Franson, J. and Peña, J.

Defendant Ricky Brown was convicted by jury trial of possession of a controlled substance in prison (Pen. Code, § 4573.6) and he admitted a prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d) ).  The trial court sentenced him to six years in prison.  On appeal, he requests that we independently review the records reviewed by the trial court on defendant's *Pitchess*[1] motion and determine whether the trial court abused its discretion by not providing defendant access to any of those records. We will affirm the judgment.

## FACTS

At Avenal State Prison, Correctional Officer Juan Ramirez advised defendant, an inmate, that he would be strip searched.  Ramirez walked defendant to a room for the search, and as defendant entered that room, he shook his leg and a bindle of marijuana dropped out of his pant leg.

## DISCUSSION

Before trial, defendant requested disclosure of Officer Ramirez's personnel records relevant to his dishonesty or untruthfulness.  At the hearing on defendant's *Pitchess* motion, the trial court found sufficient grounds to review the records in camera. After conducting the review, the trial court found nothing relevant to the pending ligation.

The mechanics of a *Pitchess* motion are well-established.  "[O]n a showing of good cause, a criminal defendant is entitled to discovery of relevant documents or information in the confidential personnel records of a peace officer accused of misconduct against the defendant.  [Citation.]  Good cause for discovery exists when the defendant shows both '"materiality" to the subject matter of the pending litigation and a "reasonable belief" that the agency has the type of information sought.'  [Citation.]  … If

---

[1]    A *Pitchess* motion is a motion for discovery of a peace officer's confidential personnel records.  (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).)

the defendant establishes good cause, the court must review the requested records in camera to determine what information, if any, should be disclosed. [Citation.] Subject to certain statutory exceptions and limitations [citation], 'the trial court should then disclose to the defendant "such information [that] is relevant to the subject matter involved in the pending litigation."' [Citations.]" (*People v. Gaines* (2009) 46 Cal.4th 172, 179.)

A trial court's decision on a *Pitchess* motion is reviewed under an abuse of discretion standard. (*People v. Prince* (2007) 40 Cal.4th 1179, 1285.) The exercise of that discretion "must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)

The record of the trial court's in camera hearing is sealed, and appellate counsel are not allowed to see it. (See *People v. Hughes* (2002) 27 Cal.4th 287, 330.) Thus, on request, the appellate court must independently review the sealed record. (*People v. Prince, supra,* 40 Cal.4th at p. 1285.)

We have reviewed the transcript of the in camera hearing and the settled statement regarding the documents that were inspected at that hearing, and we have found no abuse of discretion committed by the trial court in denying defendant's motion for disclosure of Officer Ramirez's personnel records.

## DISPOSITION

The judgment is affirmed.