Filed 3/19/14  P. v. DeRose CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065803 |
| v. | (Super. Ct. No. MF009931A) |
| DON A. DEROSE, | **O P I N I O N** |
| Defendant and Appellant. | |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Kane, Acting P.J., Poochigian, J., and Franson, J.

Defendant Don A. DeRose was convicted by jury trial of stealing a vehicle (Veh. Code, § 10851, subd. (a)) and he admitted a prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The trial court sentenced him to four years in prison. On appeal, he requests that we independently review the records reviewed by the trial court on his *Pitchess*[1] motion and determine whether the trial court abused its discretion by not providing him access to any of those records. We will affirm the judgment.

## FACTS

The victim left his apartment in the morning to discover that his car was missing. As Deputy Juden was patrolling a few days later, he noticed a car matching the stolen car's description leaving the parking lot of a market. Deputy Juden attempted to follow the car, but it accelerated quickly and he lost sight of it. As he continued to drive, he noticed the car parked in an alley. Inside the car, Deputy Juden found a backpack containing a cell phone and various items, some with defendant's name printed on them. Meanwhile, another deputy viewed surveillance videos at the market and other nearby businesses. The deputy informed Deputy Juden he had a suspect in custody. When Deputy Juden arrived, he read defendant his rights. Defendant admitted stealing the car using a shaved key, and he admitted the cell phone was his. He said he was not thinking when he left the backpack in the car.

## DISCUSSION

Before trial, defendant raised a *Pitchess* motion, requesting disclosure of any complaints of Deputy Juden's use of excessive force and lying in offense reports. Defendant then withdrew his request for disclosure of complaints of the use of excessive

---

[1] A *Pitchess* motion is a motion for discovery of a peace officer's confidential personnel records. (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).)

2

force.  The court granted the motion for an in camera hearing as to complaints of dishonesty only.  After reviewing Deputy Juden's personnel file, the trial court found no information to be disclosed.

The mechanics of a *Pitchess* motion are well established.  "[O]n a showing of good cause, a criminal defendant is entitled to discovery of relevant documents or information in the confidential personnel records of a peace officer accused of misconduct against the defendant.  [Citation.]  Good cause for discovery exists when the defendant shows both '"materiality" to the subject matter of the pending litigation and a "reasonable belief" that the agency has the type of information sought.'  [Citation.]  …  If the defendant establishes good cause, the court must review the requested records in camera to determine what information, if any, should be disclosed.  [Citation.]  Subject to certain statutory exceptions and limitations [citation], 'the trial court should then disclose to the defendant "such information [that] is relevant to the subject matter involved in the pending litigation."'  [Citations.]"  (*People v. Gaines* (2009) 46 Cal.4th 172, 179.)

A trial court's decision on a *Pitchess* motion is reviewed under an abuse of discretion standard.  (*People v. Prince* (2007) 40 Cal.4th 1179, 1285.)  The exercise of that discretion "must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice."  (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)

The record of the trial court's in camera hearing is sealed, and appellate counsel are not allowed to see it.  (See *People v. Hughes* (2002) 27 Cal.4th 287, 330.)  Thus, on request, the appellate court must independently review the sealed record.  (*People v. Prince, supra,* 40 Cal.4th at p. 1285.)

We have reviewed the file of confidential records and the transcript of the in camera hearing, and we have found no abuse of discretion committed by the trial court in denying defendant's motion for disclosure of Deputy Juden's personnel records.

3

## <u>DISPOSITION</u>

The judgment is affirmed.