Filed 5/18/16  P. v. Lindholm CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068221 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN327198) |
| MARK CLIFFORD LINDHOLM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

On April 23, 2014, Mark Clifford Lindholm was charged with making criminal threats (Pen. Code,[1] § 422, count 1) and two counts of assault with a deadly weapon (§ 245, subd. (a)(1), counts 2, 3). Additionally, the information alleged that in the commission of counts 2 and 3, Lindholm used a dangerous and deadly weapon (§ 1192.7, subd. (c)(23)) and inflicted great bodily injury (§ 12022.7, subd. (a); § 1192.7, subd. (c)(8)).

These charges stemmed from a fight that occurred between Lindholm, Michael Morales and Sam Smylie. Both Lindholm and Smylie had prior felony assault convictions. At the time of the incident, both Lindholm and Smylie were on probation for their prior convictions. Prior to the commencement of trial, the prosecution moved to "sanitize" Smylie's prior conviction, that is to limit its description as a "felony conviction" without stating the underlying crime. Lindholm objected, arguing that he should be able to question Smylie on the conduct in his prior conviction to establish that it involved violence or felony assault. The trial court ordered both Lindholm's and Smylie's prior convictions "sanitized." Ultimately, the jury found Lindholm guilty as charged.[2] The jury also found true the allegation that Lindholm personally used a dangerous and deadly weapon and inflicted great bodily injury in the commission of counts 2 and 3. Lindholm was sentenced to an aggregate term of six years in prison.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     This statement refers to the jury in the second trial, as explained below.

On appeal, Lindholm argues that his conviction must be reversed because the trial court abused its discretion by ordering Smylie's prior conviction to be sanitized, which resulted in a violation of Lindholm's constitutional rights to due process and to present a defense. The People argue that the trial court carefully and appropriately weighed the relevant factors under Evidence Code section 352 and reasonably concluded that Smylie's prior conviction should be sanitized. We agree and conclude that the trial court did not err in sanitizing Smylie's prior felony conviction.

FACTUAL AND PROCEDURAL BACKGROUND

This case arose from a fight that occurred in Lindholm's front yard on December 29, 2013. Lindholm shared a house with Jake Keeton and Keeton's mother, Carrie Pierson. Lindholm's room was on the side of the house with its own outside door.

On the day of the incident, Keeton invited several friends over, including Michael Morales, Sam Smylie, Jackie Benitez, Emily Sears and Dillon Depolo. Morales, Smylie and Depolo went outside to the front yard to smoke cigarettes. While outside, they noticed that Lindholm was acting weird, appeared angry and was yelling in the direction of the wall.

Sears testified that she saw Lindholm asking Smylie and Morales not to smoke cigarettes near his door. Shortly thereafter, Morales, Smylie and Depolo decided to leave. In order to leave, they had to walk past Lindholm's door to get to their vehicle. As they walked passed Lindholm's doorway, Lindholm looked at them and stated that he was going to slit their throats.

Smylie testified that he felt scared because Lindholm looked him personally in the eyes and said, "I'll slit your throat." After Lindholm made these comments, Morales asked Lindholm twice if he was making a threat. Morales then told Lindholm that he could call the police to report Lindholm's threats. Lindholm then charged at Morales and a fight broke out. During the fight, Smylie ran over to help Morales and punched Lindholm on the side of his face. Lindholm then turned and attacked Smylie. After the two exchanged blows, Lindholm and Smylie ended up on the ground. Smylie testified that he felt sharp pain as Lindholm hit him. Morales now felt he needed to help Smylie, and once again joined the fight and began throwing punches at Lindholm. The fight finally ended when Keeton's mother came out and yelled at them to stop.

After the fight, Smylie told Morales that he had been stabbed and had blood dripping from his head. Depolo drove Morales and Smylie to the hospital where it was discovered that Smylie had sustained multiple sharp force injuries to his chest and head that required staples to close. Also, Morales suffered a cut to a tendon on his left hand that required surgery.

Later that evening, Escondido Police Officer Robert Craig arrested Lindholm at his residence. Officer Craig searched Lindholm's residence for a knife and found garden shears in the wooden cabinet of the bathroom.

Lindholm was charged with making criminal threats and two counts of assault with a deadly weapon (§ 422; § 245, subd. (a)(1)). On October 2, 2014, the trial court declared a mistrial after the jury was unable to reach a decision on all three counts. Retrial commenced on April 1, 2015.

4

Prior to trial, the prosecution moved to sanitize Smylie's prior felony assault conviction, for which he was still on probation. Lindholm was also on probation for a prior felony assault conviction. The trial court ordered both Smylie and Lindholm's prior felony convictions be "sanitized."[3] In the second trial, the jury found Lindholm guilty on all counts, including the allegation that Lindholm personally used a dangerous and deadly weapon in the commission of counts 2 and 3. The jury also found that Lindholm personally inflicted great bodily injury upon Smylie and Morales. Lindholm timely filed a notice of appeal.

## DISCUSSION

Lindholm argues that the trial court erred by sanitizing Smylie's prior felony assault conviction, under Evidence Code section 352, because it lessened the persuasiveness and strength of the evidence establishing Smylie's motive to lie. As a result, Lindholm contends that the exclusion of this evidence resulted in the denial of Lindholm's constitutional rights to due process and the right to present a defense. We disagree.

## A. Legal Principles

"Except as otherwise provided by statute, all relevant evidence is admissible." (Evid. Code, § 351; *People v. Williams* (2008) 43 Cal.4th 584, 633 (*Williams*).) Relevant evidence is defined as evidence "having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code,

---

[3] In the first trial, Smylie's prior felony conviction was not sanitized and the defense was allowed to cross-examine Smylie regarding the nature of his prior without objection.

5

§ 210.)  Evidence is relevant if it tends " ' "logically, naturally, and by reasonable inference" to establish material facts such as identity, intent, or motive.' "  (*Williams, supra*, at p. 633.)  The "existence or nonexistence of a bias, interest, or other motive" on the part of a witness ordinarily is relevant to the truthfulness of the witness's testimony.  (Evid. Code, § 780, subd. (f); *Williams, supra*, at p. 634.)

Evidence Code section 352 provides:  "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."  We have long recognized that "[t]he trial court has considerable discretion in determining the relevance of evidence."  (*Williams, supra*, 43 Cal.4th at p. 634.)

Evidence Code section 352 accords the trial court broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of undue prejudice.  (*People v. Waidla* (2000) 22 Cal.4th 690, 724.)  We review a trial court's ruling under Evidence Code section 352 for an abuse of discretion.  (*People v. Clark* (2011) 52 Cal.4th 856, 893; *Williams*, *supra*, 43 Cal.4th at pp. 634-635.)  A trial court's discretionary ruling "must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice."  (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)

Character evidence is generally admitted under Evidence Code section 1101, which provides:  "(a) Except as provided in this section and in Sections 1102, 1103,

6

1108, and 1109, evidence of a person's character or a trait of his or her character (whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his or her conduct) is inadmissible when offered to prove his or her conduct on a specified occasion. [¶] (b) Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or whether a defendant in a prosecution for an unlawful sexual act or attempted unlawful sexual act did not reasonably and in good faith believe that the victim consented) other than his or her disposition to commit such an act."

Relevant here, Evidence Code section 1103, subdivision (a)(1) states: "(a) In a criminal action, evidence of the character or a trait of character (in the form of an opinion, evidence of reputation, or evidence of specific instances of conduct) of the victim of the crime for which the defendant is being prosecuted is not made inadmissible by Section 1101 if the evidence is: [¶] (1) Offered by the defendant to prove conduct of the victim in conformity with the character or trait of character."

## B. Analysis

Lindholm contends that the evidence of Smylie's prior assault conviction is substantially more probative than prejudicial, and the exclusion of that evidence resulted in the denial of Lindholm's constitutional rights to due process and the right to present a defense. Thus, Lindholm argues, reversal is required here, unless we find the error to be harmless. We disagree.

Prior to trial, the defense requested that Lindholm's 2011 conviction for violating section 245, subdivision (a)(1) be sanitized so that the nature of his prior conviction may not be raised by the prosecution for impeachment purposes. Similarly, the prosecution requested that Smylie's prior felony assault conviction be sanitized to the same extent. The trial court, pursuant to Evidence Code section 352, decided to sanitize both Smylie and Lindholm's convictions and instructed the attorneys to refer to those convictions simply as "prior felony convictions" and nothing more. The trial court explained its reasoning and stated that the ruling "addresses in the most appropriate fashion the ability to impeach without clouding the waters, so to speak, for the jury in evaluating the particular circumstances of this assault."

Lindholm argues that he should have been allowed to discuss the nature and details of Smylie's prior felony conviction for impeachment purposes under Evidence Code section 788. Lindholm wanted to use Smylie's prior conviction for assault to show the jury his motive to lie and to persuade the jury that Smylie was the aggressor, and not Lindholm. Lindholm was allowed to question Smylie about his probation status relating to the prior conviction. On direct examination, the prosecution asked Smylie if he had a prior felony conviction and if he was on probation at the time of the incident for that conviction. On cross-examination, the defense was allowed to elicit the date of Smylie's prior conviction, his probation status and conditions, and the punishment he faces should he be found in violation of his probation. The jury heard testimony from Smylie that if he violated his probation he would get six months in jail. The jury also heard testimony that, as a condition to his probation, Smylie is not allowed to use force or violence on

8

anyone. Nevertheless, Lindholm argues he should have been allowed to inform the jury that Smylie's prior conviction was for assault. Lindholm claims that the nature of Smylie's prior conviction was relevant and important to the determination of Smylie's credibility and to Lindholm's claim of self-defense.

The admissibility of character evidence used for the purpose of showing that Smylie was the aggressor, and that Lindholm acted in self-defense, is governed by Evidence Code section 1103. Lindholm has not argued that evidence of the nature of Smylie's prior conviction should have been admitted pursuant to Evidence Code section 1103, nor did he make any effort to admit evidence under that section. Instead, Lindholm is attempting to have the details of Smylie's prior conviction introduced under Evidence Code section 788, which applies exclusively to evidence of credibility.

Lindholm claims prejudice in not being allowed to introduce evidence of the nature of Smylie's prior conviction introduced to discredit Smylie's testimony. Smylie was only one of four eyewitnesses. Thus, any error in sanitizing Smylie's prior conviction would have little effect when considering the evidence in its entirety and the testimony of the other witnesses. Additionally, Lindholm already made the jury aware of Smylie's probation status, and made the corresponding argument that it gave Smylie a motive to lie. Any additional evidence of Smylie's prior conviction for the purpose of showing that Smylie had a motive to lie would be redundant. Moreover, evidence of Smylie's prior conviction for the purpose of showing that Smylie was the aggressor may only be admitted pursuant to Evidence Code section 1103 for which no foundation was

9

established.  For these reasons, we conclude that the trial court acted well within its discretion in sanitizing Smylie's prior felony conviction.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


McDONALD, J.