Filed 2/18/21  Tiffany O. v. Joshua O. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TIFFANY O., | |
| Respondent, | G058744 |
| v. | (Super. Ct. No. 18D003529) |
| JOSHUA O., | O P I N I O N |
| Appellant. | |

Appeal from an order of the Superior Court of Orange County, Julie A. Palafox, Judge.  Affirmed.

Joshua O., in pro. per., for Appellant.

No appearance by Respondent.

\*          \*          \*

Respondent Tiffany O. petitioned for a domestic violence restraining order against the father of her minor children, appellant Joshua O.[1]  At an initial hearing in December 2019, the trial court granted Tiffany's petition, finding Joshua had committed domestic violence against Tiffany and their children.  The court gave Tiffany sole custody of the children and, aside from one caveat, ordered Joshua not to visit them, "pending further order."  In January 2020, the court ordered Joshua to attend a batterer's treatment program and noted its "[e]xisting orders [] remain[ed] in full force and effect."

Joshua challenges the trial court's January 2020 order.  He does not discuss the evidence Tiffany presented, nor does he provide a reporter's transcript for the December 2019 hearing.  Joshua has forfeited his claim of trial court error and we therefore affirm the court's order.

I

FACTS AND PROCEDURAL HISTORY

A. *December and January Hearings on Tiffany's Domestic Violence Restraining Order Petition*

In 2018, Tiffany filed for a dissolution of her marriage to Joshua, and, in 2019, she filed a domestic violence restraining order petition against him.  The trial court held an initial hearing on the petition in December where, according to its minute order, Joshua and Tiffany testified.  The court granted Tiffany's petition, finding that "acts of domestic violence . . . occurred pursuant to [Family Code sections] 6203 and 6320[, that Joshua was] the perpetrator, and [Tiffany] and [the] children [were] the victims."  The court found Joshua's testimony not credible and there was "sufficient evidence of [Joshua] harassing [Tiffany]."

At the initial December 2019 hearing, the trial court ruled Tiffany would "have sole legal and sole physical custody of the minor children," and Joshua would

---

[1]   As is customary in marriage cases involving parties with the same surname, we use each party's first name for clarity. We intend no disrespect.

"have no visitation, pending further order."[2] The court continued the hearing to review the findings of a then-pending investigation by the Orange County Social Services Agency (SSA).

In January 2020, the trial court noted SSA had not uncovered any other issues to address and the court heard further testimony from Joshua and Tiffany. The court inquired of Joshua whether he ever had participated in a batterer's treatment program and explained: "Once there [is] a finding [of] domestic violence, you are not going to [be] able to ask the court to change the custody orders in place until you complete[] a batterer's intervention program and some parenting program."

In its minute order after the January hearing, the trial court ruled it would not change its previous rulings concerning the children's custody and Joshua's visitation rights, at least until after Joshua participated in a batterer's treatment program. The court explained that under Family Code section 3044, "it is presumptively not in the children's best interest for a parent to have any type of custody if they have been found to be the perpetrator of domestic violence."

Joshua asked the trial court to grant him some visitation with the children. Tiffany asserted Joshua had been abusing methamphetamine, but acknowledged that "when [Joshua was] not under the influence, he's a good father." Nevertheless, she expressed her fear that she "was going to get hurt by [Joshua] or something was going to happen by him." The court ordered Joshua to attend a 52-week "batterer's intervention program with drug and alcohol counseling" and ruled all "[e]xisting orders [were] to remain in full force and effect."

---

[2] The order included one caveat for Joshua to visit with his children for 15 minutes on Christmas Day.

3

II

DISCUSSION

A. *Joshua's Appeal of the January Hearing Order*

Joshua's notice of appeal identifies only the trial court's January hearing order as the basis for his appeal. He claims that, "becaus[e] of the order," he has "missed all [his] children[']s" birthdays and "time of the[ir] childhood." In his brief, Joshua focuses solely on an altercation on a bus with a "known gang member," asserting it was an "unprovoked fight" where he acted in defense of himself and his children. He cites to the January hearing reporter's transcript where the court inquired of Joshua: "Didn't you get in a fight on the bus with the kids?" Joshua replied: "I was attacked – I was attacked on the bus."

Given his notice of appeal and briefing focus, we interpret Joshua's appeal as challenging the trial court's order at the January hearing for him to attend a batterer's treatment program. To the extent Joshua challenges the other part of the order—i.e., keeping intact its earlier December order granting Tiffany sole custody of the children and that Joshua could not visit them, "pending further order"—we reject it because temporary child custody orders are nonappealable. (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 556-565 [temporary child custody and visitation orders are properly challenged through a writ petition]; *Keith R. v. Superior Court* (2009) 174 Cal.App.4th 1047, 1051 [child custody determinations under the Domestic Violence Protection Act are temporary custody orders].)

The Domestic Violence Protection Act, in relevant part, states that trial courts "may issue an order requiring the restrained party to participate in a batterer's program[.]" (Fam. Code, § 6343, subd. (a).) Given the statutory authorization, we review the court's order to participate in a batterer's treatment program under the abuse of discretion standard. (*People v. Jordan* (1986) 42 Cal.3d 308, 316 ["Where . . . a discretionary power is inherently or by express statute vested in the trial judge, . . .

4

exercise of that wide discretion must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice"])  As discussed below, we reject Joshua's challenge because he has not met his burden to demonstrate the court erred.

*B. Standards of Review and Appellate Review Principles*

Relevant here, a "trial court abuses its discretion when the factual findings critical to its decision find no support in the evidence."  (*People v. Cluff* (2001) 87 Cal.App.4th 991, 998 (*Cluff*).)  We review factual findings for substantial evidence (*id.* at p. 1002) and draw all reasonable inferences in favor of the challenged order.  (*US Ecology, Inc. v. State of California* (2005) 129 Cal.App.4th 887, 908.)  In reviewing for substantial evidence, we accept a trier of fact's resolution of conflicting inferences (*In re Providian Credit Card Cases* (2002) 96 Cal.App.4th 292, 301) and defer to the trier's assessment of witness credibility.  (*Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968.)  Indeed, we must affirm an order supported by substantial evidence even if substantial evidence supports a contrary factual finding.  (*Ibid.*)

Generally, all appeals are subject "'to three fundamental principles of appellate review:  (1) [the order] is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error.'"  (*Acquire II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 970.)  The burden applies equally to appellants who represent themselves and those represented by counsel.  (See *McComber v. Wells* (1999) 72 Cal.App.4th 512, 523.)  A corollary of the rule applies when appellants contend "'some particular issue of fact is not sustained, they are required to set forth in their brief all the material evidence on the point and *not merely their own evidence*.  Unless this is done the error is deemed to be waived.'"  (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 (*Foreman*).)

*C. Application*

The trial court found at the December hearing that Joshua committed domestic violence against Tiffany and their children before it ordered Joshua to participate in a batterer's treatment program at the continued January hearing. As noted, Joshua does not discuss in his brief any of the evidence Tiffany presented at either hearing. Accordingly, Joshua has forfeited his challenge to the sufficiency of the evidence (*Foreman*, *supra*, 3 Cal.3d at p. 881) and it follows that he has not shown the court abused its statutory discretion when it ordered him to participate in a batterer's treatment program. (*Cluff*, *supra*, 87 Cal.App.4th at p. 998.)

Even if he did not forfeit the issue, we note Joshua's claim the court misunderstood the nature of his bus altercation would not support his challenge of the trial court's order based on the record he has provided. Joshua cites to three cases—*Sabato v. Brooks* (2015) 242 Cal.App.4th 715, 725; *Burquet v. Brumbaugh* (2014) 223 Cal.App.4th 1140, 1144; and *In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1496—asserting they all involved records containing eye-witness testimony and evidence, but without any further discussion.

Accordingly, even if we accepted his factual claims about the bus altercation, Joshua has not shown why it would provide grounds to reverse the trial court's order for him to participate in a batterer's treatment program. As far as we can discern, the court did not base its order on the altercation but instead on its conclusion that Joshua committed domestic violence against Tiffany and their children. In other words, Joshua has not shown why his altercation with a purported gang member on a bus should compel a conclusion the trial court erroneously ordered him to participate in a program. (See *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 ["'[w]e are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument . . . allows this court to treat the contention as waived'"].)

## III

### DISPOSITION

The order is affirmed.  Each party to bear their own costs on appeal.


ARONSON, J.

WE CONCUR:


MOORE, ACTING P. J.


FYBEL, J.