Filed 9/9/13  P. v. Vasquez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARLON M. VASQUEZ et al.,<br><br>    Defendants and Appellants. | B242986<br><br>(Los Angeles County<br>Super. Ct. No. YA082903) |

APPEAL from judgments of the Superior Court of Los Angeles County.  Steven R. Van Sicklen, Judge.  Affirmed.

Maureen L. Fox, under appointment by the Court of Appeal, for Defendant and Appellant Marlon M. Vasquez.

Joy A. Maulitz, under appointment by the Court of Appeal, for Defendant and Appellant Jorge Luis Chavez.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters Senior Assistant Attorney General, Eric E. Reynolds and Esther P. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Marlon M. Vasquez and Jorge Luis Chavez appeal from judgments entered following a jury trial in which they were convicted of grand theft auto and burglary of a vehicle.  Vasquez contends admission of evidence that he was arrested on a prior occasion for an identical offense was unduly prejudicial within the meaning of Evidence Code section 352.  Chavez identifies no error but requests that we independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  We affirm both convictions.

## BACKGROUND

On October 24, 2011, police observed defendants standing near a minivan parked in front of a stolen Acura Integra.  The license plate of the van was obscured by a newspaper that had been folded over it.  The emblem on the Integra was missing, as were the stereo and rear seat, and the glove compartment appeared to have been ransacked.  Police searched defendants and the minivan and found the missing parts, along with an extra steering wheel,[1] several flashlights, a bag of tools, and a key that had been shaved in such a way as to allow access to the ignition of different vehicles.

Defendants were charged with receiving a stolen motor vehicle (Pen. Code,[2] 496d, subd. (a); count one), second degree burglary of a vehicle (§ 459; count two), receiving stolen property (§ 496, subd. (a); count four[3]), possession of burglar's tools (§ 466; count five), and grand theft auto (§ 487, subd. (d)(1); count six).

Vasquez presented no evidence at trial.  Chavez testified he had no fixed address and was planning to sleep in the minivan when he found the Integra's parts on the sidewalk.  He was putting them in the minivan when police arrived.

---

[1] When a vehicle's steering wheel has been secured by a "club" or similar lock, a person stealing the vehicle will remove the steering wheel altogether and replace it with a spare.

[2] Undesignated statutory references will be to the Penal Code.

[3] There was no count three.

2

The jury found Vasquez guilty of second degree burglary of a vehicle, possession of burglar's tools, and grand theft auto. He was sentenced to four years in county jail, two of which were stayed.

Chavez was found guilty of second degree burglary of a vehicle, receiving stolen property, possession of burglar's tools, and grand theft auto. He was sentenced to three years probation, ordered to serve one year in county jail, and given 126 days of presentence custody credit.

Defendants timely appeal.

## DISCUSSION

**Vasquez**

Vasquez contends the trial court erred in admitting evidence of a prior, uncharged offense because the probative value of the evidence was substantially outweighed by its unduly prejudicial effect. We disagree.

Officer Anthony Ariaz of the Los Angeles Police Department testified over defendant's objection that while on patrol on March 18, 2011, seven months before the instant offense, he saw Vasquez emerge from a stripped Honda (the doors, wheels, engine, hood and seats were missing) and enter a nearby truck and drive away. A license plate check on the Honda revealed it was stolen. Ariaz followed Vasquez, who jumped out of the truck while it was moving and ran away. He was subsequently arrested. The Honda's registration and one of its seats were found in Vasquez's truck.

At the close of evidence the trial court admitted Officer Ariaz's testimony for the limited purpose of proving intent, knowledge, or the existence of a common plan, and instructed the jury it could consider the evidence only for this purpose, and only if the prosecution proved by a preponderance of the evidence that Vasquez committed the prior offense. The court admonished the jury not to conclude from the evidence that Vasquez had a bad character or was disposed to commit crime and instructed that the evidence was "not sufficient by itself to prove that the defendant is guilty of receiving stolen property or grand theft."

3

This was proper. Under Evidence Code section 1101, evidence of other offenses or misconduct is inadmissible to prove criminal propensity, but may be admitted if relevant to prove a material fact such as intent. (Evid. Code, § 1101, subds. (a) & (b); *People v. Kelly* (2007) 42 Cal.4th 763, 783.) But to be admissible the evidence "must not contravene other policies limiting admission, such as those contained in Evidence Code section 352." (*People v. Thompson* (1988) 45 Cal.3d 86, 109.) Because evidence of uncharged offenses is highly prejudicial, it must have substantial probative value, and the trial court must carefully analyze it under Evidence Code section 352 to determine if its probative value outweighs its inherent prejudicial effects. (*People v. Ewoldt* (1994) 7 Cal.4th 380, 404.)

Under Evidence Code section 352, the trial court "in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." The court's ruling on the admission or exclusion of evidence under Evidence Code section 352 will not be disturbed on appeal "*except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)

Burglary is a specific intent crime (§ 459), and the jury was instructed that to find Vasquez guilty of burglary it had to find he entered a locked vehicle intending to commit theft. "Mental state and intent are rarely susceptible of direct proof and must therefore be proven circumstantially." (*People v. Thomas* (2011) 52 Cal.4th 336, 355.) Vasquez's trial counsel argued to the jury that Vasquez did not intend to steal any property.

The probative value of testimony about Chavez's uncharged March 18, 2011 conduct stems from the similarity between that conduct and his conduct on October 24. "[I]f a person acts similarly in similar situations, he probably harbors the same intent in each instance." (*People v. Thompson* (1980) 27 Cal.3d 303, 319, overruled on another ground as stated in *People v. Scott* (2011) 52 Cal.4th 452, 470.)

The unduly prejudicial impact of the evidence arises from its tendency to persuade jurors to infer Vasquez had a propensity to commit crime. But the risk of undue prejudice was reduced by the trial court's instruction to consider the evidence only for the limited purpose of determining whether defendant's actions were knowing and intentional, and admonished it not to consider it for any other purpose. The court specifically admonished the jury not to infer from the evidence that Vasquez was disposed to commit crime.

Weighing these factors, we conclude the probative value of the evidence of Vasquez's uncharged offense, in establishing intent and the absence of mistake, outweighed its unduly prejudicial effect. Accordingly, the trial court committed no error in admitting the evidence.

**Chavez**

Chavez's appointed counsel filed an opening brief raising no issues and asking this court to review the record independently. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Counsel declared she has attempted without success to make contact with Chavez and was informed he is in El Salvador. On February 15, 2013, we sent a letter to counsel and two letters to Chavez (at two different correctional facilities), directing counsel to forward the appellate record to him and advising him that within 30 days he could personally submit any contentions or issues he wished us to consider. Both letters to Chavez were returned as undeliverable, and to date he has not responded. We have examined the entire record and are satisfied that defendant's appointed counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, at p. 441.)

**DISPOSITION**

The judgments are affirmed.

NOT TO BE PUBLISHED.

                                                    CHANEY, J.

We concur:

MALLANO, P. J.

ROTHSCHILD, J.