Filed 5/27/14  P. v. Flores CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JULIO CESAR FLORES, Defendant and Appellant. | D063969 (Super. Ct. Nos. JCF30050 & JCF29272) |

APPEAL from a judgment of the Superior Court of Imperial County,

Poli Flores, Jr., Judge.  Affirmed in part, sentence modified and remanded.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant

and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General,

Charles C. Ragland and Parag Agrawal, Deputy Attorneys General, for Plaintiff and

Respondent.

A jury found Julio Cesar Flores guilty of second degree commercial burglary and

assault by means likely to cause great bodily injury.  He appeals, contending (1) the trial

court erred in admitting testimony of a prior incident between him and a store loss prevention agent, (2) the abstract of judgment must be amended to correct the restitution fine for his probation violation, and (3) an unauthorized administrative fee should be stricken. The Attorney General concedes and we agree that the abstract of judgment must be amended to correct Flores's restitution fine. We also conclude that the matter must be remanded for the trial court to set forth the statutory basis for the administrative fee. In all other respects, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2012, Ruben Ruiz, a loss prevention agent at Rite Aid in Calexico, saw Flores enter the store. Ruiz recognized Flores from a prior event and began monitoring him. Ruiz saw Flores place a fragrance gift set inside his sweater and then zip the sweater up halfway. Flores headed toward the store exit, passing an open register. There were four other registers between that register and the exit.

Based on his training and experience, Ruiz believed that Flores was not going to pay for the item that was in his sweater. Thus, Ruiz approached Flores in the store and identified himself as a loss prevention agent. Flores responded by stating that he did not have anything. Ruiz, however, could see the fragrance gift set under Flores's sweater.

Ruiz put his hand on Flores's shoulder and asked Flores to go back to the office with him. At that point, an unknown person struck Ruiz in the face with what Ruiz believed was a stick. The unknown person hit Ruiz approximately five times on the chin and chest area. Flores kicked Ruiz multiple times, landing one kick under Ruiz's chin

2

and another on his chest.  Ruiz felt pain in his chest, became winded and dizzy, and had blurry vision.  Flores and the other individual eventually ran out of the store.

Audrie Tapia, who also worked at the Rite Aid store, saw the incident between Ruiz and Flores.  Ruiz and Tapia both identified Flores in a photo line-up.  The People also played a surveillance video from the store which showed Flores entering the store and running out.  The police responded to the scene but were unable to locate Flores on the day of the incident.

Officer Gabriel Rodriguez made contact with Flores five days later at the United States Port of Entry in Calexico.  Flores admitted being at the Rite Aid store on the day of the incident and participating in the assault against Ruiz.

DISCUSSION

I. *Evidence of Prior Incident*

A.  Background

The prosecution sought to introduce evidence of a prior incident involving Flores and another loss prevention agent outside the same Rite Aid store.  The prosecution argued the evidence was relevant to show why Ruiz did not wait for Flores to exit the store before stopping him.

The court held a hearing under Evidence Code section 402 to determine the admissibility of the evidence.  At that hearing, Ruiz testified that approximately one week before his interaction with Flores, another loss prevention agent, Jose Hernandez, showed Ruiz a video of Flores taking items from the store without paying for them.  Flores walked outside the store with the items in his backpack.  Hernandez told Ruiz that he

3

approached Flores and identified himself as a loss prevention agent. At that point, Flores said that he did not have anything but pulled out a deodorant from his backpack. While Hernandez was talking to Flores, he saw what he believed was a weapon in Flores's hand. Thus, Hernandez decided not to take further action and went back into the store.

The trial court found the evidence was relevant to show Ruiz's state of mind. Thus, it permitted testimony that Ruiz knew of Flores from a prior incident with another loss prevention agent. The court, however, excluded any testimony regarding the details of the incident between Hernandez and Flores, including that Hernandez believed Flores had a weapon.

At trial, Ruiz testified that he did not wait for Flores to exit the store before confronting him because of information he had learned about a previous incident that Flores had with another loss prevention agent. Based on that information, Ruiz was concerned for his safety and decided to stop Flores inside the store.

Immediately after this testimony, the court instructed the jury that it should only consider the evidence for the limited purpose of explaining why Ruiz "acted the way he did in the store on that specific date." The court provided a similar instruction after closing arguments.

B. Analysis

Flores argues the trial court erred in admitting evidence of the prior incident for the purpose of explaining why Ruiz did not wait for Flores to exit the store before confronting him. Specifically, Flores contends the evidence was not relevant because it was immaterial to the crimes charged. We reject Flores's argument.

4

"The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (Evid. Code, § 352.) The prejudice referred to in Evidence Code section 352 is characterized by "evidence that uniquely tends to evoke an emotional bias against a party as an individual, while having only slight probative value with regard to the issues." (*People v. Crittenden* (1994) 9 Cal.4th 83, 134.) In determining the relevance of evidence and whether it should be excluded as unduly prejudicial, confusing or misleading under Evidence Code section 352, the trial court is vested with broad discretion, and we will reverse only if the trial court has abused its discretion. (*People v. Harris* (2005) 37 Cal.4th 310, 337; *People v. Jordon* (1986) 42 Cal.3d 308, 316.)

We need not reach the question of error because even assuming the trial court abused its discretion in admitting the prior incident evidence, the assumed error was harmless under the relevant standard of *People v. Watson* (1956) 46 Cal.2d 818, 836. (See *People v. Carter* (2005) 36 Cal.4th 1114, 1170-1171.) Under that standard, we consider whether it is reasonably probable that a result more favorable to the defendant would have been reached in the absence of the error. (*Ibid.*)

Even absent admission of the prior incident evidence, the evidence of commercial burglary and assault by means likely to cause great bodily injury was compelling. Ruiz observed Flores hide a fragrance gift set in his sweater and proceed toward the store exit. After denying he had any store merchandise, Flores kicked Ruiz multiple times, landing

one kick under Ruiz's chin and another on his chest. Ruiz's vision blurred, he became winded, dazed, and felt pain in his chest. Additionally, when he was apprehended, Flores admitted to being at the store on the day of the incident and participating in the assault against Ruiz.

Further, the evidence presented to the jury was a sanitized version of the altercation between Hernandez and Flores. The jury did not hear anything regarding Flores's alleged possession of a weapon during the incident with Hernandez or of the details of the incident. Instead, Ruiz merely testified that he did not wait for Flores to exit the store because he was concerned for his safety as a result of information he learned about a previous incident between Flores and another loss prevention agent. Immediately after this testimony, the court instructed the jury that it should only consider the evidence for the limited purpose of explaining why Ruiz "acted the way he did in the store on that specific date." There is nothing suggesting that the jury ignored the court's instruction.

Based on the foregoing, we conclude Flores has not shown that he would have received a more favorable result had the prior incident evidence been excluded.

## II. *Restitution Fine*

Flores argues and the Attorney General concedes that the abstract of judgment must be amended to correct the restitution fine for Flores's probation violation.

As to both counts charged in this case, the People alleged that Flores had suffered a prior conviction for a serious or violent felony. The court found the prior conviction true and found Flores violated his probation.

When Flores was initially placed on probation, the trial court imposed a restitution fine of $240 pursuant to Penal Code section 1202.4, subdivision (b), and an additional $240 restitution fine under Penal Code section 1202.44 if probation was revoked. However, when Flores was sentenced for violating probation, he was ordered to pay $280 under Penal Code section 1202.44.

The parties correctly state that there is an error in the abstract of judgment. "A restitution fine imposed at the time probation is granted survives the revocation of probation. Because of this, an additional restitution fine imposed at the time probation is revoked is unauthorized and must be stricken from the judgment." (*People v. Urke* (2011) 197 Cal.App.4th 766, 779.) Accordingly, we reduce the $280 fine that was ordered pursuant to Penal Code section 1202.44 to the amount of $240.

### III.  *Administrative Fee*

Flores argues the trial court's imposition of a $200 administrative fee should be stricken because the court did not specify the statutory basis for the fee. We remand to the trial court to set forth the statutory basis for the fee.

A sentencing court must set forth the statutory basis for each fine and fee in the abstract of judgment. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.) "If the abstract does not specify the amount of each fine, the Department of Corrections cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency. [Citation.] At a minimum, the inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts." (*Ibid.*)

7

The Attorney General argues Flores forfeited his right to raise this claim on appeal by failing to object at sentencing. Generally, "'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' raised for the first time on appeal are not subject to review." (*People v. Smith* (2001) 24 Cal.4th 849, 852.) However, a defendant does not forfeit his right to appeal "obvious legal errors at sentencing that are correctable without referring to factual findings in the record," regardless of whether the defendant timely objected. (*Ibid.*)

In this case, the abstract of judgment states there is an "[a]dministrative fee in the amount of $200.00." However, it does not specify the statutory basis for that fee. Additionally, the basis for the fee is not in the probation officer's report, and the trial court did not state the basis for the fee when it orally pronounced Flores's sentence. Instead, the court merely stated that Flores was "ordered to pay an administrative fee payable through CDCR." The court's failure to specify the statutory basis for the fee is an obvious legal error that is not dependant on factual findings in the record. Accordingly, we hold Flores did not forfeit his right to raise this issue on appeal and the matter must be remanded to the trial court to set forth the statutory basis for the administrative fee.

## DISPOSITION

The judgment is modified to reduce the $280 fine that was ordered pursuant to Penal Code section 1202.44 to the amount of $240. The matter is remanded with directions to the trial court to set forth the statutory basis for the $200 administrative fee imposed on Flores. The trial court shall forward an amended abstract of judgment to the

8

Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

O'ROURKE, J.