Filed 1/25/21  P. v. Gates CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058175 |
| v. | (Super. Ct. No. 17HF1457) |
| DEVON DANIEL GATES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard J. Oberholzer, Judge.  (Retired judge of the Kern Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

John F. Shuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Susan Elizabeth Miller, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted Devon Daniel Gates of driving under the influence of alcohol causing great bodily injury and driving with a blood alcohol content of or more than 0.08 percent.  (Veh. Code, § 23153, subds. (a) & (b).)  The jury also found to be true the allegation Gates personally inflicted great bodily injury on the victim.  (Pen. Code, § 12022.7, subd. (a).)[1]

The sole issue on appeal is whether the trial court erred when it denied Gates's pretrial request for mental health diversion under section 1001.36.  We conclude substantial evidence supports the court's decision to reject Gates's request and discern no abuse of discretion.  We affirm the judgment.

I

FACTS AND PROCEDURAL HISTORY

In August 2017, after smoking marijuana and consuming alcohol at a bar, Gates drove his vehicle through a red light and crashed into another vehicle in the middle of an intersection, severely injuring the other driver.  The Orange County District Attorney's Office charged Gates with driving under the influence of alcohol and driving with an illegal blood-alcohol content.  The prosecutor also alleged Gates had inflicted great bodily injury and had a previous conviction for driving with an unlawful blood-alcohol content.

Gates requested pretrial mental health diversion under section 1001.36.  He presented expert testimony by psychologist Ryan Jordan who testified Gates suffered from substance abuse disorders for alcohol and cannabis that were "significant factors" in the drunk driving offenses.

Jordan tested and evaluated then 27-year-old Gates, who reported first using alcohol and cannabis when he attended junior high school.  Except for a couple of months of sobriety, Gates continued his substance abuse over the years, even after being

---

[1]     All further undesignated statutory references are to the Penal Code.

charged in this case. Jordan based his opinion Gates suffered from alcohol use disorder and cannabis use disorder on the definition found in the Diagnostic and Statistical Manual of Mental Disorders. Jordan testified these disorders were significant factors in Gates's drunk driving offenses, explaining the disorders caused Gates to have poor judgment and impulse control before consuming alcohol on the night of the collision, which became worse after drinking. Jordan opined Gates lacked the skills to break the addictive cycle of substance abuse on his own, and would benefit from available treatments. Although Jordan did not know whether Gates's personality traits "of adventurousness, risk-taking[,] and a propensity for impulsivity" were caused by Gates's disorders, the doctor believed Gates's substance abuse disorder "impacted" his risk-taking and "traits from the disorder[] compromise [an individual's] ability to make [a] decision" to not drive after drinking.

The trial court denied Gates's diversion request because it was "not satisfied that [Gates'] mental disorder played a significant role in the commission of the offense."

II

DISCUSSION

Gates contends the trial court erroneously denied his mental health diversion request. Gates also contends the court's improper application of section 1001.36 violated his constitutional right to due process. The record shows the court did not abuse its discretion.

Section 1001.36 gives a trial court the discretion to grant a defendant's request for pretrial diversion to undergo mental health treatment, which could lead to the dismissal of all charges if the defendant successfully completes treatment. To qualify, a defendant must satisfy the following six requirements: (1) the defendant suffers from a recognized mental disorder; (2) the defendant's mental disorder "was a significant factor in the commission of the charged offense"; (3) the defendant would respond to mental

3

health treatment; (4) the defendant consents to diversion; (5) the defendant agrees to comply with treatment; and (6) the defendant "will not pose an unreasonable risk of danger to public safety." (§ 1001.36, subds. (b)(1)(A)-(F).) A court may find a defendant's mental disorder was a significant factor in the charged offense based on evidence the disorder "substantially contributed to the defendant's involvement in the commission of the offense." (§ 1001.36, subds. (b)(1)(B).)

Here, the trial court concluded Gates failed to satisfy the "significant factor" requirement, explaining that "[Gates' alleged substance abuse disorders] may have played some role in [the] mental process [i.e., to drive under the influence of alcohol], but it was not a significant role. The significant role was [his] decision to drive." The court also concluded Gates failed to show he did "not pose an unreasonable risk of danger to public safety", and failed to identify a "recommended inpatient or outpatient program that [would] meet [his] specialized mental health treatment needs."

A. *Standard of Review*

The parties disagree on the standard of review. Gates contends we should reverse because "[t]he []court's decision . . . is not supported by substantial evidence." The Attorney General argues the abuse of discretion standard applies. Gates replies that, even under that standard, reversal is required because "the weight of the evidence does not support the trial court's decision."

The trial court's ruling to deny Gates mental health diversion implicates both standards. We review for substantial evidence the court's factual finding on whether a mental disorder "substantially contributed" to Gates's drunk driving offenses. (§ 1001.36, subd. (b)(1)(B).) "'Under this deferential standard of review, findings of fact are liberally construed to support the [ruling] and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of the finding[].'" (*Integrated Lender Services, Inc. v. County of Los Angeles* (2018) 22 Cal.App.5th 867, 875 (*Integrated Lender*).)

4

Next, we review whether the trial court abused its discretion in denying Gates pretrial diversion. (See § 1001.36, subd. (h) [discussing court's authority to "exercise its discretion to grant diversion under this section"].) An abuse of discretion occurs when a court makes a decision in an "arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Jordan* (1986) 42 Cal.3d 308, 316.) In other words, the decision """exceed[ed] the bounds of reason, all of the circumstances before it being considered"' [citation] or its decision [was] 'so irrational or arbitrary that no reasonable person could agree with it.' [Citation.]" (*Wade v. Superior Court* (2019) 33 Cal.App.5th 694, 708.) Gates has the burden to show error under both standards of review (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564) and has not done so.

B. *Substantial Evidence Supports The Trial Court's Determination*

Gates challenges the sufficiency of the evidence to support the trial court's conclusion that neither of Gates's alleged substance abuse disorders was a "significant factor" in his drunk driving offenses. Gates correctly notes "Dr. Jordan testified without dispute that [Gates] suffered from alcohol use disorder and cannabis use disorder" and opined the "disorders played a significant role in [Gates'] decision to drive after drinking." None of Jordan's opinions required the court to find in Gates's favor, however. (*In re Scott* (2003) 29 Cal.4th 783, 823 "[t]he *fact finder* determines the facts, not the experts. Indeed, the fact finder may reject even 'a unanimity of expert opinion'"].)

Gates relies on Jordan's testimony to assert that "when [Gates would] drink[], his impulse control and decision-making [were] adversely affected, much more so than with a person without the disorders." Gates also asserts the trial court's ruling was erroneous because his "decision to drive [was] inextricably entwined with [his] disorders and his drinking and drug use." The court's ruling shows it either did not agree with one or both of these assertions, and in any case, did not agree either of Gates's disorders played a sufficient role in causing him to drive while under the influence.

5

Reviewing the evidence in "'the light most favorable to the [prosecutor and] drawing all reasonable inferences in support of the [trial court's] finding[]," (*Integrated Lender*, *supra*, 22 Cal.App.5th at p. 875), we conclude substantial evidence supports the court's implicit finding that neither of Gates's alleged substance abuse disorders "substantially contributed to [his] involvement in the commission of [his drunk driving] offense[s]." (§ 1001.36, subd. (b)(1)(B).) Gates had the burden at the hearing to prove diversion eligibility (Evid. Code, § 500) and has not shown his interpretation of the evidence is the only conclusion the court could have reached.

Here, substantial evidence supported the trial court's conclusion Gates's alcohol and marijuana use disorders did not substantially contribute to Gates's crimes. Rather, Gates's decision to visit a bar and drink to excess was the key factor that led him to later get behind the wheel of his car. Gates had a previous conviction for driving under the influence and therefore knew the risks that driving while intoxicated posed to others, but nevertheless decided to drink at a bar knowing he likely would drive home at the end of the evening while intoxicated. The court's conclusion finds support in Jordan's description of Gates's propensity for taking risks. The court therefore reasonably could conclude Gates's decision to visit a bar and drink was made earlier that evening and not substantially derived from his substance disorders.

Substantial evidence also supports the trial court's finding Gates posed an unreasonable risk of danger to public safety. Gates had a prior conviction for driving under the influence and therefore was aware of the dangers of driving while intoxicated. Gates also admitted he continued to drink alcohol and use marijuana after the collision that seriously injured the victim. The court reasonably could infer Gates lacked the discipline to avoid driving while intoxicated. If a prior conviction for driving under the influence did not deter him from again driving while intoxicated, the court reasonably could conclude Gates would engage in the same risky behavior again. The court noted Gates's prior conviction for driving with an unlawful blood-alcohol level did not deter

him from continuing to drink and drive, and asked Jordan if Gates did this because of his substance abuse disorders or "because he is a risk taker."  Jordan responded, "I believe we can say there can be aspects of both," explaining Gates's personality tests "reflected some measure of risk-taking behavior, which would have been tied in, also, with substance abuse."  The court reasonably could infer Gates's penchant for taking risks would lead him to continue the same risky behavior that led to the harm he caused in the present case.

C.  *No Abuse of Discretion*

Because ample evidence supported the trial court's decision to reject Gates's request for mental health diversion, it necessarily follows the court did not abuse its discretion or violate Gates's due process rights when it reached this conclusion.

## III

### DISPOSITION

The judgment is affirmed.

ARONSON, J.

WE CONCUR:

MOORE, ACTING P. J.

FYBEL, J.

7