Filed 2/27/23  P. v. Hunter CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDDIE HENRY HUNTER,<br><br>    Defendant and Appellant. | 2d Crim. No. B319599<br>(Super. Ct. No. 2003013782)<br>(Ventura County) |

Eddie Henry Hunter appeals a resentencing order made in response to a 2019 Department of Corrections and Rehabilitation (DCR) request to clarify portions of Hunter's 2006 sentence.  In 2006, Hunter was convicted of carjacking (Pen. Code,[1] § 215), two counts of second degree robbery (§ 211), two counts of attempted second degree robbery (§§ 664, 211), false imprisonment (§ 236), and first degree residential robbery (§ 211).  (*People v. Hunter* (May 10, 2007, B189699) [nonpub. opn.].)  The jury found Hunter personally used a firearm in committing five of the seven

---

[1] All statutory references are to the Penal Code.

offenses. (§ 12022.53, subd. (b).) Hunter fell within the purview of the "Three Strikes" law. (§§ 667, subds. (c)(2) & (e)(2), 1170.12, subds. (a)(2) & (c)(2).) The trial court sentenced him to an indeterminate term of 79 years to life plus a determinate term of 23 years 4 months.

On resentencing, the trial court reduced Hunter's sentence to an indeterminate term of 75 years to life. We conclude the court did not abuse its discretion by rejecting Hunter's request to strike one of his strike convictions. We affirm.

FACTS

In 2003, Hunter committed a series of violent felonies. He carjacked a vehicle using a gun. He committed a robbery at the Bank of America using a gun. He entered an elderly woman's house, struck her, and held her hostage. He was also convicted of attempted second degree robbery of two other people.

Hunter was 39 years old when he committed these felonies. He was a third strike offender under the Three Strikes law. After his 2006 conviction after a jury trial, Hunter's counsel at sentencing requested the trial court to grant a *Romero* motion to reduce his sentence. The court denied that request because 1) of the "nature of these crimes"; 2) Hunter committed them after he "was just released from prison"; and 3) of the "trauma" he caused to his victims. The court said, "This is about the scariest thing that I've had tried in my courtroom." The court imposed an aggregate three strikes sentence of 102 years to life.

Hunter appealed his conviction. He did not challenge his sentence. In 2007, we affirmed. (*People v. Hunter*, *supra*, B189699.)

On July 19, 2019, the DCR sent a letter to the trial court requesting a " 'clarification of sentence.' " The People responded

2

to DCR's questions by recommending a change to correct two minor sentencing "anomalies," and then requested the court to resentence Hunter to a "107 years-to-life" sentence. Hunter's counsel objected to the People's proposed sentencing change. He said, "[T]he court may not increase [the] sentence to an amount greater than the initial one," but it could resentence him to a lower sentence.

Hunter's trial counsel noted, "There are two changes in the law that [a]ffect Mr. Hunter's current sentence: the court is now permitted to strike or stay firearm enhancements, and the court is also allowed to strike or stay a 5-year prior enhancement under [section 667, subdivision (a)], authority the court lacked in 2006." Counsel said that if the court could make those and other sentencing changes, and strike one of his strike convictions, Hunter could receive a "determinate term of 32 years, 8 months." Counsel prepared a chart for the court to utilize to achieve that sentence. But the result he sought was dependent on the trial court deciding whether it was appropriate to strike Hunter's strike convictions.

Defense counsel requested the trial court "to strike [Hunter's] third strike sentence and permit him an opportunity to be released from custody in his lifetime." He claimed, "The request is supported by [Hunter's] *exemplary* conduct record since his incarceration in 2006, where he has 0 reports of discipline" and he "recently completed his GED."

The People filed an opposition to striking any priors, noting Hunter's long criminal history of committing violent crimes and his recidivism.

In resentencing, the trial court reduced Hunter's sentence by making most of the changes defense counsel requested, but it denied Hunter's request to strike any of his strike convictions.

DISCUSSION

*Denying a Request to Strike a Strike Conviction*

Hunter contends the trial court abused its discretion by denying his request to strike "one of his prior 'strike' convictions." (Capitalization omitted.) We disagree.

A trial court has the "power to strike factual allegations relevant to sentencing, such as the allegation that a defendant has prior felony convictions." (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504.) It may do so consistent with the Three Strikes law. But the court also has broad discretion in sentencing. To challenge a court's discretionary sentencing choice, the defendant has a strong burden. He or she must show the court's decision was "arbitrary, capricious or patently absurd." (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)

The relevant issue involving a three strikes sentence is " 'whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [spirit of the Three Strikes law].' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) There is a strong presumption that any sentence that conforms to the "norms" of the Three Strikes law "is both rational and proper." (*Id.* at p. 378.)

Hunter's most recent felonies involved violent crimes against *multiple victims* after he was released on parole. The probation report summary is: "The defendant was released on parole and was living in the community for *less than one year*

4

*before* he committed these violent offenses.  He threatened the lives of several victims when he used a gun to rob a bank and he assaulted and held an elderly woman hostage in her own home for several hours.  He has shown that he is "*a menace to society and the only safe place for him* is in the California Department of Corrections."  (Italics added.)  The bank manager said there had been other robberies at the bank before, but this one was different.  Hunter "terrorized" one bank employee and "cocked the gun in her ear."  That employee believed Hunter was going to shoot her.  She was so traumatized by Hunter's actions that she had to attend "counseling."  Another bank employee quit after the robbery because "it was 'too much' for her to handle."

Hunter entered the residence of a 66-year-old woman, punched her in the nose, and held her hostage for "seven hours."  The victim had to be transported to an emergency hospital as she "suffered contusions and swelling to her facial area."  Hunter pointed a gun at a car owner, "racked the slide" of the gun, demanded the car keys, and drove away with the victim's car.  He also attempted to rob two other people.

The number of violent crimes, number of victims, and the impact of his most recent crimes on his victims were strong factors supporting the denial of Hunter's request to strike a prior strike.  (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378.)

Moreover, the trial court could also consider Hunter's *past history* of committing violent or serious crimes, his recidivism, and his lack of rehabilitation.  In opposition to Hunter's request to strike, the People said that Hunter's crimes show "his willingness to victimize innocent members of society both with premeditation and on impulse."  They noted that in 1983 he was convicted of residential burglary.  He was placed on probation.

5

He violated probation and was sentenced to four years in prison in l986. After his release, he had "a felony [Health and Safety Code section 11350, subdivision (a)] conviction," but he was paroled in 1989. In 1990, he committed a robbery. He "fled the area in a stolen vehicle and led law enforcement on a high-speed chase." He was sentenced to 23 years in prison. He was paroled in 2002. But in 2003, he committed the latest felonies. The People noted Hunter had been convicted of other crimes in 1985 where he had been placed on probation. But he did not take advantage of the opportunity the courts gave him to reform his conduct.

Hunter acknowledges his violent crime history in his brief stating, "[Hunter] does not discount the serious nature of his crimes or the fact that, *over a twenty-year period*, he committed a number of very serious crimes, in many of which he *was armed with and used a firearm*." (Italics added.) The trial court could properly consider Hunter's recidivism in exercising its discretion to deny his request to strike a prior strike. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378; *People v. Gray* (1998) 66 Cal.App.4th 973, 992.)

Hunter claims he had a perfect disciplinary record while in custody. He did not have any "serious" disciplinary infractions. But in the 2006 probation report, the probation officer said that Hunter "received three *major write-ups* in custody for failing to follow staff instructions, hoarding medication, and unauthorized communication." (Italics added.) Moreover, the trial court could reasonably find Hunter's rehabilitation claim was insufficient. Being able to control himself in the controlled setting of a prison does not mean he could do so when released into the community. Here there was a repetitive pattern of Hunter committing crimes

after being released.  (*People v. Strong* (2001) 87 Cal.App.4th 328, 338 [the "revolving-door" career criminal is the reason for the Three Strikes law].)

Hunter notes that he received his GED.  That is commendable.  But the trial court could reasonably question what else he had learned in custody about rehabilitation.  His performances on parole were repeated failures and his revolving-door history resulted in repeated incarcerations.  (*People v. Strong*, *supra*, 87 Cal.App.4th at p. 338.)  There was an absence of evidence showing he had successfully completed anger management or other rehabilitation programs.  Defense counsel's *two sentences* in his trial court brief about Hunter's prison conduct and his GED are not the equivalent of showing documented rehabilitation or a showing that the prisoner will not be a danger to society.  (*In re Roderick* (2007) 154 Cal.App.4th 242, 263.)

Hunter claims his three strikes sentence is disproportionate given his current age.  But age alone "does not remove a defendant from the spirit of the Three Strikes law." (*People v. Strong*, *supra*, 87 Cal.App.4th at p. 345.)  He claims the sentence is invalid because the prison term will exceed his life expectancy.

But courts have rejected this claim and have upheld sentences much longer than Hunter's.  (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 573 ["We conclude that imposition of a sentence upon defendant under the Three Strikes law of 210 years to life does not constitute cruel and unusual punishment"]; see also *People v. Haller* (2009) 174 Cal.App.4th 1080, 1089 [three strikes 78-years-to-life sentence upheld meaning defendant would not be eligible for parole "until he is 119 years old"]; *People v.*

7

*Retanan* (2007) 154 Cal.App.4th 1219, 1230-1231 [135-years-to-life sentence upheld]; *People v. Wallace* (1993) 14 Cal.App.4th 651, 666-667 [sentence of 283 years 8 months upheld].) Three strikes sentences are directly related to the defendant's dangerous criminal history, and courts have held such sentences are "both rational and proper." (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378.) Hunter has not shown that he falls outside the spirit of the Three Strikes law.

DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

Ryan J. Wright, Judge

Superior Court County of Ventura

————————————————

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.