Filed 12/11/23  P. v. Degorio CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DALE JOSEPH DEGORIO,<br><br>Defendant and Appellant. | A167926<br><br>(Solano County<br>Super. Ct. No. VCR239160) |

Defendant Dale Joseph Degorio was granted probation after he pleaded no contest to possession of a stolen vehicle and admitted a prior conviction. (Pen. Code,[1] §§ 496d, subd. (a), 666.5.)  He now appeals from an order revoking probation and sentencing him to three years in state prison.  His counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that raises no issues and requests our independent review of the record.  We find no arguable issue and affirm.

## I.  BACKGROUND

Defendant was charged by information with unlawful driving or taking of a vehicle with prior (Veh. Code, § 10851, subd. (a); count 1) and receiving stolen property, motor vehicle with a prior (§ 496d, subd. (a); count 2).  The

---

[1] All statutory references are to the Penal Code unless otherwise noted.

information also alleged defendant had a prior conviction for receiving a stolen motor vehicle.

Defendant pleaded no contest to count 2 and admitted the prior. In accordance with the plea agreement, the trial court sentenced defendant to two years of formal probation and 33 days in jail.

Defendant failed to report to probation, and his probation was revoked. The court then reinstated probation and ordered defendant placed at Delancy Street Foundation (Delancy Street), a residential treatment program.

Seven days after defendant was placed at Delancy Street, defendant left the program without authorization in violation of his probation. The court revoked probation and a warrant was issued for his arrest. Defendant stated he did not want further treatment opportunities.

Following a contested probation hearing, the court revoked defendant's probation and sentenced defendant to a midterm of three years, with 565 days of custody credit. While defendant asserted the court must impose the low term sentence due to mitigating circumstances, the court disagreed based on defendant's criminal history. Defendant timely filed a notice of appeal.

Defendant's appointed counsel filed a *Wende* brief, which stated counsel had advised defendant of his right to file a supplemental brief. Defendant has not submitted any pleading.

## II.  DISCUSSION

Neither appointed counsel nor defendant has identified any issue for our review. Upon our own independent review of the record, we agree none exists. (*Wende*, *supra*, 25 Cal.3d 436.) The trial court did not abuse its discretion in revoking defendant's probation. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443.) A letter from Delancy Street and testimony from defendant's probation officer established that defendant left his treatment

program and failed to report to probation in violation of his probation terms. Moreover, the record reflects defendant's request that he did not want to participate in alternative treatment programs after his probation was revoked.

Likewise, we find no error in sentencing. The trial court properly considered mitigating and aggravating factors and concluded that the aggravating factors relating to defendant's criminal record, including his performance on previous probation and his number of convictions and pending criminal matters, weighed in favor of imposition of the midterm. We thus see no abuse of discretion regarding the sentence imposed. (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)

The record reflects that defendant was represented by counsel at all relevant times. Under these circumstances, we conclude the trial court's decision to revoke probation and impose a midterm sentence based upon defendant's repeated violations of its terms and conditions was proper. (See *People v. Segura* (2008) 44 Cal.4th 921, 932 ["During the period of probation, the court may revoke, modify, or change its order suspending imposition or execution of the sentence, as warranted by the defendant's conduct."].) Thus, having ensured defendant has received adequate effective appellate review, we affirm the trial court's judgment. (*People v. Kelly* (2006) 40 Cal.4th 106, 117–119; *Wende, supra,* 25 Cal.3d 436.)

## III.  DISPOSITION

The judgment is affirmed.

3

MARGULIES, ACTING P. J.

WE CONCUR:

BANKE, J.

GETTY, J.[*]

A167926
*People v. Degorio*

---

[*] Judge of the Solano County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.