Filed 7/15/24  P. v. Barroca CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GAIL EVELYN ADAMS BARROCA,<br><br>    Defendant and Appellant. | 2d Crim. No. B330144<br>(Super. Ct. No. 18CR01674)<br>(Santa Barbara County) |

Gail Evelyn Adams Barroca appeals from an order denying her motion to withdraw her plea.  She contends that the trial court erred in denying her motion and that her trial counsel rendered ineffective assistance.  We affirm.

### FACTUAL AND PROCEDURAL HISTORY

Barroca was charged with two counts of forgery against an elder by a caretaker after she forged checks and attempted to

deposit them into her account (Pen. Code,[1] § 368, subd. (e); counts 1 & 2). She was also charged with two counts of second degree commercial burglary (§ 459; counts 3 & 4), grand theft of personal property (§ 487, subd. (a); count 5), dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1); count 6), sending a threatening letter for extortion (§ 523; count 7), theft from an elder by a caretaker (§ 368, subd. (e); count 8), and misdemeanor identifying information theft (§ 530.5, subd. (c)(1); count 9.)[2] It was further alleged as to count 6 that the offense was a serious and/or violent felony pursuant to sections 1192.7, subdivision (c) and 667.5.

Barroca pleaded no contest to count 2. Under the plea agreement, Barroca was to be placed on two years' probation with a maximum of 180 days of county jail and was to pay restitution. The remaining counts were to be dismissed.

*Plea form and plea hearing*

In July 2022, Barroca submitted a written plea form and waiver of rights. She signed the form and initialed various statements in the form, including that she was "not taking any medication that affects [her] ability to understand this form and the consequences of [her] plea." She also initialed next to a statement that she was pleading no contest "freely and voluntarily and with full understanding of everything in this form." She signed the statement admitting that she read the plea form and discussed each item in the form with her attorney. Her

---

[1] Further unspecified statutory references are to the Penal Code.

[2] Counts 8 and 9 involved crimes against other victims.

attorney, Martin Cohn, also signed the statement stating that he reviewed the form with her.

At the plea hearing, the trial court asked Cohn if he reviewed the plea form with Barroca. He said he did and that he "explained everything to her. She initialed the boxes. She and I both signed . . . in the proper place." The prosecutor also asked Barroca if she reviewed the form with Cohn; she answered "Yes." Barroca indicated that Cohn answered any questions she had regarding the plea form or the plea itself. Barroca also said she understood the terms of the plea agreement, including that she would plead no contest to count 2, be placed on two years' probation, and pay restitution. Barroca also said she understood she was waiving her right to a jury trial. Barroca pleaded no contest to count 2. The trial court found that Barroca had "expressly, knowingly, understandingly and intelligently waived her rights" and the plea was "free and voluntar[y]."

*Sentencing*

At sentencing, the trial court gave Barroca the opportunity to review the terms and conditions of probation and to ask any questions to her counsel. After Barroca reviewed the probation terms, the court suspended pronouncement of judgment and ordered her to serve two years of probation with the conditions, including that she serve 60 days in county jail. The court also ordered Barroca to pay $28,492.25 in restitution to Wells Fargo and $2,500 to a former bank employee.

*Probation violation and motion to withdraw*

A few months later, the probation department reported Barroca violated probation. Barroca denied the alleged violation. The court set a date for a hearing.

Meanwhile, Barroca, who was represented by new counsel, moved to withdraw her no contest plea. She alleged that at the time she entered her plea, she was taking prescription pain medication that affected her ability to fully appreciate and understand the plea agreement. She submitted evidence of medical records showing that she was prescribed oxycodone during the time she entered her plea. She declared that had she not been medicated, she would have been "clear-minded" and would not have entered the plea.

At the hearing on the motion, the trial judge, who was the same judge at the plea hearing, noted, "Ms. Barroca, I observed you. I have a pretty specific recollection of seeing you on a number of occasions. . . . [T]he Court is pretty sensitive to people who come to court who may be under the influence of a narcotic and/or a prescribed medication. And there was nothing that caught my attention on [the day of the plea hearing] or for that matter any other day." The court further stated that they went over the plea form and "specifically address[ed] the question of whether or not [she was] taking any medication that would affect [her] ability to understand the form and the consequences of entering a plea, and [she] indicated affirmatively on the form and in a colloquy with the district attorney that you were not taking any medication that affected your ability to enter the plea. [¶] And that's the best record." Barroca said that she did what Cohn told her to do. Cohn appeared remotely via Zoom. The court asked defense counsel if she was prepared to ask Cohn questions, and she responded, "I'm fine proceeding informally today, but I'll submit." "I am prepared to submit on my written documents and the paperwork I provided today." Cohn testified that he reviewed the plea form with Barroca. However, soon after he began to

4

testify, the court terminated the hearing and continued it to another day when Cohn could be present in court.

At the continued hearing, Cohn was not present. At the beginning of the hearing, defense counsel said, "we are prepared to proceed and it is Ms. Barroca's request to proceed today. I did explain to her that it sounds like there's [a] personal issue with Mr. Cohn being present today. But I just want to make it clear that Ms. Barroca would like to proceed today."

The court denied the motion to withdraw the plea. It found that "everything in the record indicates she was fully aware and cognizant of what was the information being provided to her. [¶] She's indicated in writing. She initialed the provision of the plea form which acknowledged that she understood all the terms and conditions of the plea, that she wasn't under the influence of any controlled substance. There's nothing that would suggest that she was."

DISCUSSION

*Motion to withdraw plea*

Barroca contends the trial court erred in denying her motion to withdraw her plea and that the court violated her due process and equal protection rights. We are not persuaded.

Section 1018 provides that a court may "for a good cause shown, permit the plea of guilty to be withdrawn." The defendant must show by clear and convincing evidence that there is good cause for withdrawal of their guilty plea. (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1415-1416.) " 'A plea may not be withdrawn simply because the defendant has changed [their] mind.' " (*Id.* at p. 1416.) To establish good cause, the defendant must show they were "operating under mistake, ignorance, or any other factor overcoming the exercise of [their]

5

free judgment, including inadvertence, fraud, or duress." (*Ibid.*) The defendant must also show prejudice in that they would not have accepted the plea agreement had it not been for the mistake. (*Ibid.*)

We review a trial court's ruling on a motion to withdraw a plea for abuse of discretion. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254 (*Fairbank*).) We will not reverse unless the trial court acted in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice. (*People v. Jordan* (1986) 42 Cal.3d 308, 316.) We "must adopt the trial court's factual findings if substantial evidence supports them." (*Fairbank*, at p. 1254.)

Substantial evidence supports the trial court's finding that Barroca was not under the influence of prescribed medication at the time she entered her plea and that her plea was knowing, intelligent, and voluntary. The plea form reflects Barroca initialed the statement indicating that she was not taking any medication that affected her ability to understand the consequences of her plea. She also initialed the statement indicating she entered the plea "freely and voluntarily and with full understanding of everything in this form." At the plea hearing, Barroca said she understood the terms of the plea agreement, and both she and Cohn said he reviewed the plea form with her before she signed it. Moreover, the trial judge, who had multiple opportunities to observe Barroca, found "there was nothing that caught my attention" at the plea hearing suggesting Barroca was under the influence of a prescribed medication. (See *Fairbank*, *supra*, 16 Cal.4th at p. 1254 [substantial evidence, including the trial court's own observation of the defendant supported the finding that the defendant was not intoxicated at

6

the time of the plea].)  Based on these findings, the court did not abuse its discretion in denying Barroca's motion to withdraw her plea.

Barroca contends her due process rights were violated when the court "unilateral[ly]" and "perfunctorily" terminated the hearing in the middle of Cohn's testimony and denied her motion. She also contends the court violated her equal protection rights and failed to apply the clear and convincing legal standard by denying her an evidentiary hearing.  These contentions are without merit.  The record reflects the trial court did not unilaterally terminate the hearing and that she had an evidentiary hearing.  Moreover, the record reflects Barroca submitted on her written motion and the medical records she provided to the court.  And, on the day of the continued hearing, Barroca acknowledged Cohn's absence but said she wanted "to make it clear that [she] would like to proceed" regardless of his absence.  Barroca did not object or raise any other arguments, even though she had the opportunity to do so at the hearing. Nothing on this record shows the court deprived Barroca of a hearing.  The court applied the correct legal standards to find that Barroca did not present clear and convincing evidence of good cause to withdraw her plea.

*Ineffective assistance of counsel*

Barroca contends Cohn rendered ineffective assistance when he represented her in the plea hearing.  We conclude otherwise.[3]

---

[3] Barroca asserts she intended to raise the ineffective assistance of counsel claim in the trial court, but she was deprived of the opportunity to do so.  The Attorney General disputes this claim.  Regardless, we need not resolve this issue

A defendant alleging ineffective assistance must prove (1) deficient performance, and (2) resulting prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Riel* (2000) 22 Cal.4th 1153, 1175.) We need not address both prongs of this test. If a defendant fails to establish either prong, the claim should be denied. (*Strickland*, at p. 697.)

Barroca has not carried her burden to show counsel's performance was deficient. If " ' "the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' " (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.) The record here is silent as to why Cohn advised Barroca to plead no contest. (*People v. Majors* (1998) 18 Cal.4th 385, 403 [the record must affirmatively disclose the lack of a rational tactical purpose].) Cohn could have had a legitimate tactical reason for advising Barroca to accept her plea bargain considering that she was charged with nine counts involving multiple victims. Had she gone to trial, she potentially could have been convicted of all nine counts, including a strike offense (§ 136.1, subd. (b)(1)), and the court could have imposed a more significant sentence, including prison time. Under these circumstances, we cannot say Cohn had no legitimate tactical reason for advising Barroca to plead no contest to one count of elder abuse by forgery and accepting probation.

---

because we conclude there was no ineffective assistance of counsel.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


BALTODANO, J.


We concur:


GILBERT, P. J.


CODY, J.


9

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

Susan Wolk, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.