Filed 12/5/24

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082997 |
| v. | (Super.Ct.No. SWF10001016) |
| ESTEBAN VICENCIO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed.

Allen G. Weinberg, under appointment for the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, Elizabeth M. Renner and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

A defendant convicted of sex offenses in 2011 in California had his sentence enhanced under Penal Code section 667.5, subdivision (b), based on a prior Michigan conviction for assault with intent to commit sexual penetration. Years later, he sought to have the enhancement removed as invalid under new Penal Code section 1172.75. The trial court refused after concluding the Michigan conviction was for a sexually violent offense, making him ineligible for relief. Here, he argues out-of-state convictions cannot be considered sexually violent offenses under the new law. We disagree and affirm.

## I

## FACTS

In June 2011, a Riverside County jury convicted Esteban Vicencio of seven counts of committing a lewd act on a 14- or 15-year-old victim when he was at least ten years older (Pen. Code, § 288, subd. (c)(1), unlabeled statutory citations refer to this code) and one count of oral copulation on a child under ten years old (§ 288.7, subd. (b)).

Prosecutors sought to enhance Vicencio's sentence because he had served a prison term for a Michigan conviction for assault with intent to commit sexual penetration. The court found Vicencio had a prison prior (§ 667.5, subd. (b)). It sentenced Vicencio to a determinate 15-year prison term, plus an indeterminate term of 30 years to life. Included in the sentence was a one-year prison prior enhancement. We affirmed the judgment. (*People v. Vicencio* (Oct. 23, 2012, E054311) [nonpub. opn.].)

In November 2023, after a referral from the California Department of Corrections and Rehabilitation, Vicencio's case was calendared for a hearing to determine his

2

eligibility for recall and resentencing under section 1172.75. Vicencio argued his prior Michigan conviction did not disqualify him from relief, arguing section 1172.75 limited disqualifying sex offenses to California convictions for offenses listed in Welfare and Institutions Code, section 6600, subdivision (b) (WIC Section 6600(b)). Alternatively, he argued the prosecution did not carry its burden to show the Michigan sex offense was comparable to those listed in WIC Section 6600(b).

The court concluded out-of-state convictions could be sexually violent offenses warranting prison prior enhancements even after the change in the law that section 1172.75 addressed. It pointed out Welfare and Institutions Code section 6600 subdivision (a)(2)(C) says "[A] prior conviction in another jurisdiction for an offense that includes all of the elements of [an] offense described in subdivision (b)"—which lists Penal Code provisions—"shall be considered a conviction for a sexually violent offense." At a later hearing, the court found Vicencio's prior Michigan conviction qualified as a sexually violent offense and declined to recall Vicencio's sentence.

## II

## ANALYSIS

Vicencio argues the trial court erred by determining his section 667.5 prison prior enhancement remains valid. In his view, his Michigan conviction was not a sexually violent offense as defined in section 1172.75. We disagree.

Formerly, section 667.5, subdivision (b) (Section 667.5(b)) required a sentencing court to add a one-year term "for each separate prison term served on any prior felony

3

conviction, subject to a five-year felony-free exception." (*People v. Jordan* (1986) 42 Cal.3d 308, 314.) In 2019, the Legislature passed Senate Bill No. 136 (2019-2020 Reg. Sess.), which amended Section 667.5(b) to limit prison prior enhancements to prison terms served for certain sexually violent offenses. "The court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined by subdivision (b) of Section 6600 of the Welfare and Institutions Code." In 2021, the Legislature enacted Senate Bill No. 483 (SB 483) (Stats. 2021, ch. 728, § 1), codified in section 1172.75, to apply Senate Bill 136 retroactively to anyone already serving a term of incarceration for a prison prior.

With one exception, section 1172.75, subdivision (a) makes invalid "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5." It is uncontested that Vicencio's 2011 sentence included an enhancement imposed under that subdivision. Yet section 1172.75 excepts "any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§ 1172.75, subd. (a).) "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

The question we face is whether Vicencio's Michigan conviction can be a sexually violent offense such that it is excepted from section 1172.75 relief. According to Vicencio, no matter the character of the offense, no out-of-state offense is a "sexually

4

violent offense" under section 1172.75 because those are limited to offenses "defined in" WIC Section 6600(b). This is a legal question of statutory interpretation we review independently. (*Hubbard v. California Coastal Com.* (2019) 38 Cal.App.5th 119, 135.) In so doing, we give the words of the statute their ordinary meaning to ascertain the purpose of the Legislature. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

WIC Section 6600(b) says the term "sexually violent offense" means "the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person, . . . and result in a conviction or a finding of not guilty by reason of insanity, as defined in subdivision (a): a felony violation of Section 261, 262, 264.1, 269, 286, 287, 288, 288.5, or 289 of, or former Section 288a of, the Penal Code, or any felony violation of Section 207, 209, or 220 of the Penal Code, committed with the intent to commit a violation of Section 261, 262, 264.1, 286, 287, 288, or 289 of, or former Section 288a of, the Penal Code." According to Vicencio, this provision means an offense committed and prosecuted outside of California cannot be a sexually violent offense because it did not result in a conviction under one of the listed California Penal Code provisions.

Vicencio misreads the statute. WIC Section 6600(b) does not define and limit sexually violent offenses to an enumerated list of California Penal Code provisions. Instead, it defines sexually violent offenses as acts committed by force, violence, duress, menace, or fear that "*result in a conviction* or a finding of not guilty by reason of

5

insanity, *as defined in subdivision (a)*." (Italics added.) Thus, the definition in WIC Section 6600(b) incorporates by reference the definition of "sexually violent offense" in Welfare and Institutions Code section 6600, subdivision (a). That subdivision lists types of convictions that are considered sexually violent offenses. (Welf. & Inst. Code, § 6600, subd. (a)(2).) One of those categories is "[a] prior conviction *in another jurisdiction* for an offense that includes all of the elements of an offense described in subdivision (b)." (*Id*., subd. (a)(2)(C), italics added.) WIC Section 6600(b) identifies the acts that can serve as the basis for a prison prior enhancement, and section 6600(a)(2) identifies the type of convictions that are included. As another example, the statute says a finding of not guilty by reason of insanity to one of the WIC Section 6600(b) offenses counts as a conviction (Welf. & Inst. Code, § 6600, subd. (a)(2)(F)) just as it says another jurisdiction's conviction including the elements of one those offenses counts.

From this statutory language, Vicencio's Michigan conviction can serve as the basis for a valid prison prior enhancement if the offense included all the elements of one of the listed California Penal Code offenses. The trial court was therefore correct to conclude Vicencio was not entitled to resentencing as a matter of law. The trial court also concluded Vicencio's Michigan offense of conviction included all the elements of a California offense, and Vicencio does not challenge that conclusion on appeal. We therefore affirm the order denying him relief.

### III

### DISPOSITION

We affirm the order denying relief under section 1172.75.

CERTIFIED FOR PUBLICATION

RAPHAEL
_____
J.

We concur:

RAMIREZ
_____
P. J.

MILLER
_____
J.

7