Filed 1/27/25  P. v. Chavez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LIONEL CHAVEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B331137<br>(Super. Ct. No. SM092119)<br>(Santa Barbara County) |

Lionel Chavez appeals from the judgment following his resentencing.  (Pen. Code,[1] §§ 1172.7, 1172.75.)  He contends the trial court erred by denying his request to dismiss three serious felony conviction enhancements under section 1385, subdivision (c).  Appellant also contends the court erred when it denied his request to dismiss two prior strikes under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).  We will affirm.

---

[1] All statutory references are to the Penal Code.

## FACTS AND PROCEDURAL HISTORY

Appellant beat and sexually assaulted a woman inside her home in 1995. A jury convicted him of residential burglary (§ 459), assault with intent to commit rape (§ 220), and attempted forcible rape (§§ 664/261, subd. (a)(2)). It found he had three prior strike convictions and served two prior prison terms. Appellant received an aggregate prison term of 41 years to life in prison: an indeterminate sentence of 25 years to life under the Three Strikes Law for assault with intent to commit rape (§§ 667, subds. (c)(2) & (e)(2)(A), 1170.12, subds. (a)(2) & (c)(2)(A)); five years for each of his three prior serious or violent felony convictions; and one year for serving a prior prison term for sexual battery. The trial court imposed but stayed consecutive sentences of 25 years to life on the burglary and attempted forcible rape charges.

On appeal, this Court vacated the attempted forcible rape conviction and struck one of the enhancements. We ordered the court to amend the abstract of judgment but did not otherwise alter appellant's sentence of 41 years to life.

In 2022, the California Department of Corrections and Rehabilitation (CDCR) recommended recalling appellant's sentence and resentencing him pursuant to section 1172.75, subdivision (a). The court found appellant eligible for resentencing. It struck the one-year prior prison term enhancement but reimposed the same terms for the remaining offenses. This reduced appellant's term to "a determinate sentence of 15 years followed by an indeterminate sentence of 25 years to life."

## DISCUSSION
### *Prior Strikes*

Appellant contends the trial court should have dismissed his prior strikes as well as his three serious or violent felony enhancements. We disagree.

A trial court has the "power to strike factual allegations relevant to sentencing, such as the allegation that a defendant has prior felony convictions." (*Romero, supra*, 13 Cal.4th at p. 504.) When considering whether to impose a three strikes sentence, the court inquires "'whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [spirit of the Three Strikes law].'" (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) There is a strong presumption that any sentence that conforms to the "norms" of the Three Strikes law "is both rational and proper." (*Id.* at p. 378.) A defendant challenging the trial court's discretionary sentencing choice must show the court's decision was "arbitrary, capricious or patently absurd." (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)

Appellant argues the trial court only gave "lip service" to evidence that he has actively participated in educational programs and therapy in prison. We disagree. The court noted this was "a difficult case and one that [it] thought [about] and considered for some time now." It acknowledged appellant's rehabilitative efforts, stating it had been "many, many, many years since he's had any sort of write-ups or issues while in custody." The court nevertheless found his violent past outweighed this recent progress. "[T]he greatest concern for the Court, is the criminal history of Mr. Chavez, specifically the

3

offenses that involved sexual violence against women," it stated. It noted the "violent and vicious" nature of his sentencing offense and that he committed the crime while on parole for sexually assaulting his wife. This reasoning is not "arbitrary, capricious or patently absurd." The record supports the court's finding that appellant still "falls squarely within the Three Strikes Law."

*Serious or Violent Felony Enhancements*

The trial court reimposed three enhancements for prior burglary and assault convictions. Appellant contends the court should have dismissed one or more of these.

Trial courts may dismiss sentence enhancements in furtherance of justice. (§ 1385, subds. (a), (b), (c)(1).) Section 1385, subdivision (c)(2) lists mitigating circumstances for the courts to consider in deciding whether to strike an enhancement in the furtherance of justice. "Proof of the presence of one or more of these [mitigating] circumstances weighs greatly in favor of dismiss[al]." (§ 1385, subd. (c)(2); *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 16.)

Appellant again argues the trial court failed to give his evidence of rehabilitation enough weight when deciding whether to dismiss his enhancements. And we again conclude the court exercised its discretion properly. It need not have afforded great weight or even considered section 1385 subdivision (c)(2)'s mitigating circumstances because it found dismissing the enhancement would endanger public safety. (*People v. Walker* (2024) 16 Cal.5th 1024, 1036; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 299.) The court considered the appellant's rehabilitation efforts and even commended him. It nevertheless concluded he remained a danger based on his history of violent

4

crime up to, and including, his sentencing offense.  The court's findings are supported by the record.  We will not disturb them.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P.J.

BALTODANO, J.

5

Von N. Deroian, Judge
Superior Court County of Santa Barbara
_____

A. William Bartz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Christopher G. Sanchez, Deputy Attorney General, for Plaintiff and Respondent.