Filed 5/28/25  P. v. Tell CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD EUGENE TELL,<br><br>    Defendant and Appellant. | B336479<br><br>(Los Angeles County<br>Super. Ct. No. NA084357-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Reversed.

Jason Szydlik, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Shezad H. Thakor and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

The trial court denied resentencing (Pen. Code,[1] § 1172.75), rejecting appellant Richard Tell's assertion that his sentence included an invalid enhancement for serving a prior felony prison term. The trial court held that Tell was not eligible for resentencing because the enhancement for the prior prison term had been imposed and stayed rather than imposed and executed. This appeal requires us to decide whether a stayed sentence for a prior prison term disqualifies a defendant from resentencing. We hold that a sentence imposed for a prior prison term entitles a defendant to resentencing, whether or not the sentence was stayed.

## BACKGROUND

In 2012, a jury convicted appellant Richard Tell of attempted voluntary manslaughter, second degree robbery, possession of ammunition by a felon, and assault with a deadly weapon. The jury and the court also found true several sentencing enhancements. Among other things, the court found that Tell had served a prior prison term for assault with a deadly weapon. For that prior prison term, the court imposed and stayed a one-year sentence pursuant to former Penal Code section 667.5, subdivision (b).

We affirmed the judgment of conviction in *People v. Tell* (Feb. 6, 2013, B239244 [nonpub. opn.].)

On July 10, 2023, the trial court ordered a review of Tell's case "for all purposes including but not limited to . . . resentencing."

---

[1]     Undesignated statutory references are to the Penal Code.

2

The trial court appointed counsel for Tell who argued he merited resentencing because of his current age, positive prison record, mental health issues at the time of the time of the offense, and subsequent reform over the past decade of incarceration.

The People opposed resentencing and argued that Tell was ineligible for resentencing for several reasons, including the fact that the one-year prison term, which was now invalid, did not confer eligibility for resentencing on Tell because it was stayed. The People contended that because the enhancement had been stayed, Tell's overall sentence was not lengthier because of the enhancement and therefore did not meet the intent of section 1172.75.

The trial court adopted the People's argument. The trial court stated: "The one-year prior could not be imposed as operation of law. In reality this defendant can never be sentenced to the one year and will never serve the one year." Tell timely appealed.

## DISCUSSION

In 1976, the Legislature required courts to impose a one-year sentencing enhancement for prior felony convictions for which a prior prison sentence had been imposed, unless the defendant remained free of custody for at least five years after completing that sentence. (*People v. Jordan* (1986) 42 Cal.3d 308, 314; Stats. 1976, ch. 1139, § 268 [former § 667.5, subd. (b)].) In 2019, the Legislature eliminated prison prior enhancements for all crimes except sexually violent offenses. (*People v. Espino* (2024) 104 Cal.App.5th 188, 195, review granted Oct. 23, 2024, S286987 (*Espino*).) In Senate Bill No. 483 (2021–2022 Reg. Sess.), the Legislature made this change retroactive and rendered invalid any prior prison term sentence imposed before 2020

which was not for a sexually violent offense.  (*Espino*, at p. 195.)
The Legislature said: "Any sentence enhancement that was
imposed prior to January 1, 2020, pursuant to subdivision (b) of
Section 667.5, except for any enhancement imposed for a prior
conviction for a sexually violent offense . . . is legally invalid."
(§ 1172.75, subd. (a).)

Notably, section 1172.75 expressly requires full
resentencing where now-invalid enhancements were imposed.
(§ 1172.75, subd. (d).) If the sentencing court verifies that the
individual's judgment includes a now-invalid prison prior, the
court is required to recall the sentence and resentence the
individual.  Such resentencing must apply any changes in the law
reducing sentences or providing judicial discretion.  And the
resentencing must result in a "lesser sentence" unless a lesser
sentence would endanger public safety.  (§ 1172.75, subds. (b), (c)
& (d)(1); *Espino, supra*, 104 Cal.App.5th at p. 195, review
granted; *People v. Monroe* (2022) 85 Cal.App.5th 393, 399–400.)

As is evident from the language of the statute quoted
above, the Legislature crafted this resentencing proviso for
sentences that were "imposed" for prior prison term
commitments.  Nevertheless, the People argue that the prior
prison term enhancements of one year must not only be imposed,
but also must be "executed."  They contend an imposed but
stayed sentence does not render a defendant eligible for
resentencing relief.

We review de novo this issue of statutory interpretation.
(*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281–1282.)

Multiple cases address this very issue.  The weight of authority holds that whether a sentence is stayed is immaterial to eligibility.  A one-year sentence that has been imposed is all that the statute requires.  (*People v. Bravo* (2025) 107 Cal.App.5th 1144, 1155–1156; *Espino, supra*, 104 Cal.App.5th at p. 194, review granted; *People v. Renteria, supra*, 96 Cal.App.5th at pp. 1282–1283; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 673–676, review granted Aug. 14, 2024, S285853; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276–1277, 1278, review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300, 314, review granted Feb. 21, 2024, S283189.)  One case has taken the opposite view, holding that a stayed sentence disqualifies a defendant from resentencing eligibility.  (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 40–41, 48–49, review granted Feb. 21, 2024, S283169; see also *People v. Tang* (2025) 109 Cal.App.5th 1003, 1005, 1009 [no eligibility where enhancement was stricken rather than stayed].)

Rather than reinvent the analysis of the weight of authority with which we agree, we adopt the majority position and hold that section 1172.75 requires simply an imposed sentence.  Pending guidance from our Supreme Court, we hold that whether the now-invalid imposed sentence has been stayed is immaterial to a defendant's eligibility for resentencing.

**DISPOSITION**

The order denying resentencing is reversed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

MATTHEWS, J.*

---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.